Hitchcock, J.
From the statement of the case, it appears that at the time of the rendition of the decree for alimony, the husband was possessed, as an estate of inheritance, of the land upon which execution has been levied, which he afterward conveyed. There can be no pretense of any fraud in this conveyance ; *on the contrary, it is apparent that both parties contem- [270 plated that the decree might be a lion upon the land, and therefore Blakesley refused to warrant against it. The only question, then, which can arise in the case is, whether a decree for alimony, payable in installments, operates per se as a lien upon the real estate of the husband during the joint lives of husband and wife. That *271 it is within the legitimate power of the court to make such docreo. a charge upon real estate, we have no doubt, and it has been the practice so to do in cases where it was deemed proper. But this is the first time the question has been presented, whether the decree of itself operates as a lien. If it does so operate, it must be in consequence of some statutory provision. As has been heretofore decided, we consider liens of this description to be creatures of the statute.
The argument in favor of the position, that such decrees operate as liens, is based upon the hypothesis that they are decrees in chancery, and it is said that decrees in chancery have the same force and effect as judgments at law. This is true to a certain extent. By section 37 of the act “ directing the mode of proceeding in chancery,” 3 Chase’s L. 1692, it is provided, “that decrees in chancery shall, from the time of their being pronounced, have the force, operation, and effect as a judgment at law.” This must be intended, however, of decrees for the payment of money, and under this provision such a decree would operate as a lien upon the real estate of the person against whom it was pronounced, and like a judgment at law, might be enforced by execution.
But is a decree in a divorce case, which allows alimony to the wife, in the nature of a decree in'chancery ? It is a statutory proceeding throughout. Jurisdiction is given to the Supreme Court, and the court are authorized to allow alimony. The effect of the decree, so far as alimony is concerned, is not declared, nor is the mode of enforcing its payment specified. The court, however, have adopted the practice of enforcing collection by execution. There is nothing improper in. this. Whether the alimony 271] be allowed in gross, or is made ^payable by installments, the same mode of enforcing payment is adopted. Prior to ■ the amendatory act of March 1, 1834, there could be no more propriety in calling the proceedings in a divorce case proceedings in chancery, than there would be in calling proceedings for the partition of real estate, under the statute regulating that subject, proceedings in chancery. These proceedings have never been so considered. On the contrary, when had in the court of common pleas, they are frequently reviewed in this court by writ of certiorari. In some of the other states of the Union, which have courts of chancery separate and distinct from their courts of law, jurisdiction of divorce cases is given to their courts of chancery. *272 In England the subject is considered as belonging more properly to the ecclesiastical courts.
By the amendatory act of 1834 (32 Ohio L. 37), before referred to, it is enacted, “that all proceeding in cases of divorce shall be as in chancery,” provided that there may be a hearing at the first' term, and that the witnesses, if within the county-in which the case is depending, shall be examined in open court. This statute, however, can have no effect upon the case now before the court, for this decree was pronounced long before its enactment. It will be seen, however, upon examination, that this statute has no reference to the force and effect of a decree. It merely provides that the proceedings in order to arrive at a decree shall be as in chancery. But even under this statute, should we hold that a decree for a gross sum to be paid the wife would operate as a lien, it does not follow that the same principle would hold where, as in the present case, it was for the payment of specified sums annually during the joint lives of the parties. On the contrary, a majority of the court believe that such would be an improper construction of the law. Wo hold it to be in the nature of a personal charge upon -the husband rather than upon his estate. This principle seems to be recognized by this court in the case of Hamlin v. Hollister, 7 Ohio, 161. Although the question arising in that ease was different from the one now presented, this question *seems to have been [272 incidentally considered, and the court say, “ no reason is perceived why such charge should operate as a lien until the decree is pronounced, fastening it upon some particular property.”
As, then, the decree rendered in 1831 did not operate as a lien upon the real estate of Blakesley, and as that real estate has been conveyed, the execution was improperly levied, and the complainant is entitled to relief as against Hungerford and wife, and as to them the demurrer is overruled.
With respect to Young, the other defendant, it is not perceived why he was made a party defendant in this ease. It is a rule in chancery, that all interested should be made parties. But what interest has Young in this case? He is a sheriff of the county, and as such is bound to execute all process properly directed to him. But he has no more interest in each particular cage than has the clerk of the court. And there can be no more propriety in making a sheriff party to an injunction bill than there would be in making the clerk issuing the writ a party. And with as much *273 propriety might the court irom which the writ issued be made a party, as being the source of all the evil. Indeed, I recollect an injunction case not long since submitted to the court upon the circuit, in which the plaintiff at law, the constable serving the process, and the justice of the peace who rendered the judgment, were all made defendants. This practice of making sheriffs and constables defendants, in cases of this kind, is one which has prevailed to a- considerable extent in some parts of the state, but it is highly improper, and has never been sanctioned by this court. An injunction allowed, operates upon the parties to the judgment enjoined, and through them upon all officers of the law acting in consequence of that judgment.
If there be a fraudulent combination between the sheriff and judgment creditor, it may be proper to make the sheriff a party, as it would be to make any other person engaged in such combination a party. But the fact that he is sheriff, and has the pro-278] cess in his hands to execute, furnish no reason for *involving him in the litigation. It is not pretended in the present case that there was any such fraudulent combination. As to the defendant Young, therefore, the bill must be dismissed, with Ml costs.