## FAYETTE M. MILLER

*v.*

## ELIZA WILLIAMS *et al.*

66      91
d91a ¹334

1. DESCENT—*illegitimate child may take as next of kin to his mother.* Under the statutes of this State, an illegitimate person is recognized as the child of his mother, as regards the descent of property, and made capable of inheriting her property to the exclusion of all other persons, where she was unmarried, and he is enabled to transmit by descent his own property to her and her children.

2. Where an illegitimate person died seized of real estate, and his mother had died before him, leaving another illegitimate son, she never having been married, it was *held*, that the surviving illegitimate son took the property by descent, one-half from his deceased brother, and, as the next of kin to the mother, the half that would have descended to her had she been living.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding.

This was an action of ejectment, by the appellees against the appellant, to recover certain real estate in the city

of Chicago, describing themselves in the declaration as the next of kin to the mother of the purchaser, Theodore Rogers. The defendants below pleaded specially that Theodore Rogers acquired, by purchase, an estate in fee simple in the lands mentioned, and held them until he died intestate, July 13, 1869, without widow, children or mother surviving him; that the intestate was the illegitimate child of Maria Purcell; that she was the mother of two children only, both of whom were illegitimate, the intestate, and George W. Rogers, who was then living in the State of New York; and stated and showed the ancestors of the plaintiff, and averred that they were the next of kin. The plaintiffs claimed as next of kin to Maria Purcell, they being her cousins.

The plaintiffs below filed a general demurrer to the plea, and judgment was rendered thereon in their favor.

Mr. JOSEPH WRIGHT, for the appellant.

Messrs. SANSOM & LEDDY, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

In order for the appellees, who were the plaintiffs below, to maintain their title, they must be the " next of kin " to Maria Purcell, deceased.

Do they fulfill that description, being her cousins, while there remains surviving her an illegitimate child, George W. Rogers?

At the common law, with respect to inheritances, it is to be admitted that a bastard was the son of nobody, and of kin to nobody. But our statutes have, to a great extent, removed the incapacity of such a person to be heir to any one, or to have heirs except of his own body.

The statute of February 12, 1853, (Laws of 1853, p. 255,) prescribing the rule of descent of the property of an illegitimate person dying intestate, among other things, provides: " In case of the death of any such illegitimate person, leaving no widow, surviving husband or descendants, then the property

and estate of such person shall descend to and vest in the mother and her children and their descendants, to the mother one-half, and the other half to be equally, divided between her children and their descendants, the descendants of a child taking the share of their deceased parent or ancestor.   In case of the death of any such illegitimate person, leaving no heirs as above provided, then the property and effects of whatsoever kind or nature shall pass to and vest in the next of kin to the mother of such illegitimate person, in the same manner as the estate of a legitimate person would, by the laws now in force, pass to the next of kin."

An earlier statute, Rev. Stat. 547, sec. 53, provides, "If any single or unmarried woman, having estate, either real or personal, in her own right, shall hereafter die, leaving one or more children deemed in law illegitimate, such child or children shall not, on that account, be disinherited, but they, and each of them, and their descendants, shall be deemed able and capable in law to take and inherit the estate of their deceased mother, in equal parts among them, to the exclusion of all other persons."

Under these statutes, an illegitimate person is recognized as the child of his mother, as regards the descent of property, and made capable of inheriting her property to the exclusion of all other persons, where she was unmarried, and he is enabled to transmit, by descent, his own property to her and her children.

Theodore W. Rogers, one of the two illegitimate sons of Maria Purcell, died seized of the land in controversy; on his death, under the statute of 1853, the land descended to his mother and her children, one-half to the mother and the other half to her children.   She had died long previously, having never married, and George W. Rogers, her other illegitimate son, is living, these two being the only children she ever had.

Whatever share of the land would have descended to the mother, had she been living, under the last clause of the act of 1853, passed to and vested in her next of kin.

We are of opinion that, on the decease of Theodore W. Rogers, the land in controversy, by force of the above statutes, became vested in George W. Rogers, as being the child and next of kin of Maria Purcell. The act of 1853 is to be construed in connection with the former act, under which the illegitimate children of an unmarried woman may be considered as her "next of kin." This phrase, used in this law for the purpose of controlling the descent of property, must be construed as including a bastard child in cases where the law expressly makes such child the heir to the exclusion of collaterals.

It would be in contravention of the policy of these acts, and be doing manifest violence to the intention of the legislature, to adjudge the cousins of Maria Purcell, these appellees, to be her next of kin, and, as such, entitled to take this land, whilst there is living her illegitimate son, George W. Rogers, whom the statute has made the heir of all her estate.

The court below should have overruled, instead of sustaining the demurrer.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*