332    APPELLATE COURTS OF ILLINOIS.

VOL. 91.] Security Title & Trust Co. v. West Chicago St. R. R. Co.

## Security Title and Trust Co., Adm., etc., v. West Chicago St. R. R. Co.

1. BASTARDS—*Inheritance, etc.—Statutory Construction.*—It was the intention of the legislature, by section 2 of the act of 1872 (Laws 1872, 353), which is in substance a mere consolidation of section 53 of chapter 109 of the revised statutes of 1845 and the act of 1853, to remove the common law disability of illegitimate children.

2.  Same—*Mother's Right to Maintain an Action Under the Statute Requiring Compensation for Causing Death by Wrongful Act.*—Under the statute requiring compensation for causing death by wrongful act, neglect or default, an action can be maintained for the benefit of the mother of an illegitimate child, as the next of kin of such child.

Trespass on the Case.—Death by wrongful act.  Error to the Superior Court of Cook County: the Hon. Joseph E. Gary, Judge, presiding. Heard in this court at the March term, 1900.  Reversed and remanded. Opinion filed October 4, 1900.

A. L. Gettys, attorney for plaintiff in error.

John A. Rose and Louis Boisot, Jr., attorneys for defendant in error;  W. W. Gurley, of counsel..

Mr. Presiding Justice Adams delivered the opinion of the court.

Plaintiff in error sued defendant in error in case for negligently causing the death of plaintiff's intestate, Robbert Wesche, a boy four years of age at the time of his death.  It appeared from the evidence of the boy's mother, Gertrude Graham, formerly Gertrude Wesche, that the deceased was illegitimate; whereupon the court, being of the opinion that under the statutes of the State the deceased could have no next of kin, instructed the jury to find the defendant not guilty, which the jury did, and the court rendered judgment against the plaintiff for costs.  The question presented is, whether, under the statute requiring compensation for causing death by wrongful act, neglect or default, an action can be maintained for the benefit of the mother of an illegitimate child, as the next of kin of such child.

The common law regarded an illegitimate child as *nullius filius* for the purpose of inheritance.  Being such, he could have no kin; could neither be nor have an heir.  This rule of the common law is stated in Miller v. Williams, 66 Ill. 91, and in Bales v. Elder, 118 Ib. 436, citing Blackstone and Kent.

The case of Dickinson v. N. E. Ry. Co., 2 Hunt & C., 734, mainly relied on by defendant in error, and also the

334    APPELLATE COURTS OF ILLINOIS.

VOL. 91.] Security Title & Trust Co. v. West Chicago St. R. R. Co.

case of Gibson v. Midland Ry. Co., 2 Ont. 658, are based
on this rule of the common law. By the English statute,
Sec. 2, 9 and 10 Victoria, C. 93, commonly called Lord
Campbell's Act, the action is expressed to be "for the
benefit of the wife, husband, parent and child." The ques-
tion discussed in Dickinson v. N. E. Ry. Co., *supra*, was
whether the word "child" in the act included illegitimate
children, it being inferentially conceded that if it did not,
there could not be a recovery in view of the above men-
tioned rule of the common law. In Gibson v. Midland Ry.
Co., *supra*, the court merely cited and followed the decision
in the Dickinson case.

The common law rule has been materially modified in
this State. Prior to the revision of 1845, an act was passed
vesting illegitimate children with capacity "to take and
inherit the estate of their deceased mother." Rev. Stat.
1845, p. 547, C. 109, Sec. 53. By an act approved Febru-
ary 12, 1853, it was provided that on the death of an ille-
gitimate person "his or her property, estate and effects
shall descend to and vest in the widow or surviving hus-
band and children as the property and effects of other per-
sons in like cases." The act further provides, that in case
such illegitimate person leaves no child or descendant of a
child, the whole of his property shall descend to and vest
in the widow or surviving husband, and that if there be no
widow, surviving husband, or descendants, then the prop-
erty and estate of such person shall vest in the mother
and her children and their descendants. Sess. Laws 1853,
p. 255.

In Miller v. Williams, *supra*, the court, after quoting
the statutes above referred to, say:

"Under these statutes an illegitimate person is recog-
nized as the child of its mother, as regards the descent of
property, and made capable of inheriting her property to
the exclusion of all other persons, when she was unmarried,
and he is enabled to transmit, by descent, his own property
to her and her children."

This language is quoted with approval in Bales v. Elder,
118 Ill. 436, 439.

Section 2 of the act of 1872 in regard to the descent of property is as follows :

" An illegitimate child shall be heir of its mother and any maternal ancestor, and of any person from whom its mother might have inherited, if living; and the lawful issue of an illegitimate person shall represent such person, and take, by descent, any estate which the parent would have taken, if living.

" Second. The estate, real and personal, of an illegitimate person, shall descend to and vest in the widow or surviving husband and children, as the estate of other persons in like cases.

" Third. In case of the death of an illegitimate intestate leaving no child or descendant of a child, the whole estate, personal and real, shall descend to and absolutely vest in the widow or surviving husband.

" Fourth. When there is no widow or surviving husband and no child or descendants of a child, the estate of such person shall descend to and vest in the mother and her children, and their descendants, one-half to the mother and the other half to be equally divided between her children and their descendants, the descendants of a child taking the share of their deceased parent or ancestor.

" Fifth. In case there is no heir, as above provided, the estate of such person shall descend to and vest in the next of kin to the mother of such intestate, according to the rule of the civil law.

" Sixth. When there are no heirs or kindred, the estate of such person shall escheat to the State, and not otherwise." Hurd's Rev. Stat., C. 39, Sec. 2.

In Bates v. Elder, *supra*, the court, commenting on the act of 1872, say :

" The statute, as we understand it, confers upon illegitimates and their lawful issue, as respects the mother and any maternal ancestor, and any person from whom the mother might have inherited if living, inheritable blood, and as such they have the right of inheritance as fully as legitimate children. There is nothing in the statute that will allow an illegitimate to inherit from the father of such person, but the object of the framers of the statute seems to have been to remove the common law disability of inheritance through the maternal line, and, in that regard, place such persons upon the same footing as legitimate persons."

336 APPELLATE COURTS OF ILLINOIS.

VOL. 91.] Security Title & Trust Co. v. West Chicago St. R. R. Co.

It is obvious that it may be said, with equal reason, that it was the intention of the legislature, by section 2 of the act of 1872, (which is in substance a mere consolidation of section 53 of chapter 109 of the revised statutes of 1845 and the act of 1853), to remove the common law disability of illegitimates to transmit property by descent through the maternal line, and, in that regard, place such persons on the same footing as legitimate persons. That such was the intention of the legislature, we think too plain to require discussion. Section 1 of the act requiring compensation for causing death by wrongful act, neglect or default, provides, in substance, that if the act, neglect or default is such as would, if death had not ensued, have entitled the injured party to maintain an action, "then and in every such case" the person or corporation causing the injury shall be liable to an action.

By section 2 of the act the action is to be brought by the personal representative of the deceased, and the section provides that "the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate." Hurd's Rev. Stat., C. 70.

In the present case the declaration avers that the deceased left him surviving his mother, Gertrude Wesche.

It appears from the evidence that the deceased was an illegitimate child, and died when he was about four years old. Therefore, his mother, for whose benefit the action was brought, is by the statute his next of kin and heir. Counsel for defendant in error contend that the legislature could not have had illegitimates in mind when the act requiring compensation was passed, and as a reason for this contention urge that when the act was passed there was no statute in force enabling the mother of an illegitimate child to inherit from such child. The act requiring compensation and the act of 1853, heretofore referred to, were passed at the same session of the legislature and were both approved on the same day, February 12, 1853. The former

act by reason of an emergency clause went into effect immediately on its passage and approval while the latter did not take effect until sixty days after its passage as provided by the Constitution of 1848.   But both acts having been passed at the same session, it can hardly be said that the legislature had not in mind the provisions of the latter act.   But aside from this consideration, it can not, as we think, be successfully contended that the words "next of kin" in the act requiring compensation must be limited to those who were by law the next of kin to a deceased person, at the time the act took effect.   The words are "shall be for the exclusive benefit of the widow and next of kin of such deceased person."   The statute speaks prospectively, and speaks not merely as of the time it took effect, but every moment while it continues in force; and in any given case the question who is or are the next of kin of a deceased person must be determined by the law in force at the time of action brought.   The statute further provides that the amount recovered in the action "shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of property left by persons dying intestate."   In accordance with the theory of counsel for defendant in error, the legislature by the words "provided by law in relation to the distribution of personal property left by persons dying intestate," could only have intended the law providing for such distribution in force February 12, 1853, however much such law might be changed thereafter.   We think it unnecessary to pursue the subject farther.

The judgment will be reversed and the cause remanded.