## McDONALD v. SOUTHERN RAILWAY.

Bastard—Parent and Child—Children—Lord Campbell's Act—Negligence.—A mother cannot recover as sole beneficiary under Lord Campbell's Act for the wrongful death of her illegitimate son.

Before Purdy, J., Sumter, spring term, 1904.   Affirmed.

Action by Alice McDonald, administratrix of Benjamin Pearson, against Southern Railway. From judgment for defendant, plaintiff appeals.

*Mr. L. D. Jennings,* for appellant, cites: 69 S. C., 555; Code 1902, 2852; 9 Am. L. R., 747; 2 H. & C. (Exch.), 735; 2 Ont., 658; 15 Pil., 286; 46 F. D., 269; 10 Ohio St., 272; 1 Bl. Com., 459; 2 Kent. Com., 13 ed., 212; 30 Mo., 270; 3 Ency., 230.

*Messrs. E. M. Thomson* and *C. L. Cuttino,* contra.   *Mr. Thomson* cites: 13 Cyc., 337, and notes; Tiffany on Death by Wrongful Act, sec. 85; 4 DeSaus. Eq., 439; 117 Ga., 168; 51 L. R. A., 836; 32 L. R. A., 309.

April 12, 1905.   The opinion of the Court was delivered by

Mr. Chief Justice Pope.   This was an action under what is known as Lord Campbell act for damages in the sum of $1,995 for the unlawful killing, by the defendant, as a

railway, of one Benjamin Pierson, *alias* Benjamin Lawson, while lying asleep on the railroad track of the defendant. The lad was about twelve years of age, unmarried and childless.   The plaintiff was the administratrix of his estate, and brought suit for her own benefit.   It will be useless to consume time in going over that part of the case that relates to the death and intestacy of the lad, Benjamin Pierson, *alias* Benjamin Lawson, through the carelessness aand negligence of the defendant railroad company, as well as the marriage of his mother to one Lewis Pringle, who has not been known or heard of within the last seven years.   All those questions of fact were found against the plaintiff.   The naked issue to be considered here is the right of the mother, the plaintiff, to recover damages under Lord Campbell act for the killing of her illegitimate son, Benjamin Pierson, *alias* Benjamin Lawson.   The Circuit Judge, in his charge, held that the mother could not be a legal heir to an illegitimate son, and the three grounds of appeal are as follows:

"First. Because his Honor erred, it is respectfully submitted, in refusing to charge the plaintiff's eleventh request to charge, as follows: 'That if the jury find from the evidence in this case, that the plaintiff was never married to the said Lewis Pringle, either by ceremony or otherwise, and that the deceased was a bastard child of the plaintiff; yet, under the law in this State, she would have such a beneficial interest in him as would enable her to maintain this action,' in that the statute provides that every such action shall be for the benefit of the wife or husband and child or children, of the person whose death shall have so caused; and if there be no such wife or husband, or child or children, then for the benefit of the *parent or parents,* in that the plaintiff was the parent of the deceased, and his Honor should have charged that she had such a beneficial interest in him as to give her the right to maintain this action.

"Second. It is respectfully submitted that his Honor erred in charging the following request of the defendant: 'A bastard is not a child within Lord Campbell's act, under which

23—71.

this action is brought, and the mother of a bastard child has no right of action for his homicide, nor can his administratrix maintain such an action. If you find from the evidence that the deceased was the illegitimate son of the plaintiff, then you must find a verdict for the defendant railway company.' 'I have already charged you that, and so charge you again.' Erred in charging that a bastard is not a child under Lord Campbell's act, because the mother is a parent, and it is provided in said act that the *parent* may maintain such an action, and it does not say that a parent of a bastard child cannot maintain such an action; erred in not charging that the mother has such a beneficial interest in her bastard child as to give her the right to any sum of money that might be recovered by the administratrix or administrator of a bastard child. Erred in charging that 'if you find from the evidence that the deceased was the illegitimate son of the plaintiff, then you must find a verdict for the defendant railway company.' Because the administratrix had the right to maintain this action as administratrix independently of her interest in whatever might be recovered.

"Third. It is respectfully submitted that his Honor erred in charging that under section 2852, when it speaks of 'parent or parents,' it is just the same as if it was written 'legal parent or parents;' whereas, his Honor should have charged that the mother of a bastard child is the parent, and as had such a beneficial interest in him as to give her the right to maintain this action, and his Honor should have held that the latter part of said section does not refer to a parent, because if the parent is the only beneficiary, then she takes the whole amount, and it is not necessary to refer to the statute of distributions to find out what amount she would be entitled to."

It will be seen, presented in different phases, that the question is the right of a mother of an illegitimate son to recover damages for his being illegally killed by the railroad, under the provisions of Lord Campbell's act. The plaintiff, appellant, claims what the word "parent" as used in that act has

no reference to the legitimacy of the offspring. As early as the year 1812, it was held by the Court of Equity in this State, as found in the two cases of *Barwick* v. *Miller,* and *Jones* v. *Sarah Burden,* 4th DeSaussure's Eq., page 439, by the Judges in the Court of Appeals, except Judge James, that it was established law in this State that the mother of a bastard child, who dies intestate, cannot inherit either real or personal estate from her bastard child. 13th Cyc. of Law and Procedure, page 337, says: "It is a well recognized rule of construction that *prima facie* the word 'child' or 'children,' when used in a statute, means legitimate child or children, and that bastards are not within the meaning of the terms, and, therefore, where parents are given the right of action for the death of a child, such action cannot be maintained by a parent for the death of a bastard."

A scrutiny of the case of *Robinson* v. *Georgia Railroad and Banking Company,* 117 Ga., 168, 43 S. E. Rep., 452, shows that it holds exactly in accordance with this statement of the law. There seems to be but one decision, and that is in an Ohio case, *Muhl* v. *Michigan Southern Railway Company,* 10th Ohio St., 276, which seems to antagonize these views; but a careful examination of the text of this case will show that the question does not seem to have been thoroughly considered; but be that case as it may, there is no alteration in the last one hundred years in the attitude of the courts of this State to this question. A mother cannot inherit from her bastard child. It is useless to multiply words on this question, for we think the Circuit Judge was entirely correct in his charge on this point, and the verdict of the jury thereon is conclusive of this matter.

It is the judgment of this Court, that the judgment of the Circuit Court be and it is affirmed.

MR. JUSTICE GARY *did not sit in this case because of illness.*