### 7253

### CROFT v. SOUTHERN COTTON OIL CO.

PARENT AND CHILD—BASTARDS—NEGLIGENT KILLING—CONSTITUTIONAL LAW.—The third section of the Act of 1906, providing a mother may recover for the negligent killing of her illegitimate child under Lord Campbell's Act, is not unconstitutional in that this provision is not referred to in its title, because the decision that a mother could not recover for the negligent killing of her illegitimate child, intended to be remedied by the statute, is based on the law that a mother could not inherit from her illegitimate child.

Before GAGE, J., Richland, October term, 1908. Reversed.

Action by Lizzie Croft, administratrix of Arthur Altee, against the Southern Cotton Oil Co. From judgment for defendant, plaintiff appeals.

*Messrs. DePass & DePass,* for appellant, cite: *The Act of 1906 is constitutional:* 30 S. C., 9. *The act permits this action:* End. Int. St., sec. 59; 59 S. C., 56; 29 S. C., 169.

CROFT v. COTTON OIL Co.                    233

Rep.]                    April Term, 1909.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood* and
*J. S. Muller,* contra. *The former* cite: *Section 3 of the
Act of 1906 is unconstitutional:* 168 U. S., 445; 37 S. C.,
48; 11 Ency., 834; 8 Ency., 859; 4 S. C., 430; 23 S. C.,
427; 39 S. C., 307. *Section 3 out, the act does not permit
this action:* 32 S. C., 142; 1 Ency.

July 20, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. The following statement appears in
the record:

"This action was commenced in the Court of Common
Pleas by service of summons and complaint, on or about
the 23d day of April, 1907, for recovery of damages for
the negligent and wrongful acts of the defendant, causing
the death of plaintiff's intestate and son, Arthur Altee, for
the sum of ten thousand dollars. The case came up for
trial at the October term of Court, 1908, before the Hon-
orable George W. Gage, presiding Judge, and a jury.
While the plaintiff was proving her case, and during the
examination of one of the plaintiff's witnesses, the Court
remarked as follows:

"The Court: The first witness in this case testified to a
fact which raises so serious a question in my mind, I don't
think we need be consuming the time of the Court, until 1
am satisfied about that. We might as well settle that before
we go on with the testimony. On that I will hear Mr.
DePass."

After argument of this question by counsel, in which a
certified copy of the Act of 1906 (No. 95) was brought to
the attention of his Honor, Judge Gage, and placed in evi-
dence, his Honor held that the third section of said act was
unconstitutional, because not so expressed in the title of
the Act, as required by the Constitution; and that Lord
Campbell's Act alone, or in connection with Sections 1 and
2 of the Act of 1906 (No. 95) would not give plaintiff the
right to bring this action. Whereupon his Honor directed

a verdict for the defendant. This appeal comes up from said rulings and direction of the verdict and judgment thereon.

The act in question is entitled: "An Act to Provide for an Illegitimate Child to Inherit from Its Mother, and the Mother from Her Illegitimate Child."

And its provisions are as follows:

"That any illegitimate child, or children, whose mother shall die intestate, possessed of any real or personal property, shall be, so far as said property is concerned, an heir, or heirs, at law as to such property, notwithstanding any law or usage to the contrary.

"That whenever any illegitimate child shall die in this State leaving property, real or personal, the mother of such child shall have the same right to inherit from such child as she would have if said child had been legitimate.

"That in event of the death of such illegitimate child or the mother of such illegitimate child, by the wrongful or negligent act of another, such illegitimate child or the mother of such illegitimate child, shall have the same rights and remedies, in regard to such wrongful or negligent act, as though such illegitimate child had been born in lawful wedlock."

The first section that will be considered is, whether there was error on the part of his Honor, the presiding Judge, in ruling "that the third section of said act was unconstitutional, because not so expressed in the title of the act, as required by the Constitution."

Article III, Section 17, of the Constitution, provides that "every act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title."

In the case of *McDonald* v. *Ry.,* 71 S. C., 352, 354, 51 S. E., 138, 2 L. R. A. (N. S.), 640n, the Court ruled that a mother could not recover as sole beneficiary, under Lord Campbell's Act, for the wrongful death of her illegitimate son.

The reasons are thus stated in the opinion of the Court: "It will be seen, presented in different phases, that the question is the right of a mother of an illegitimate son to recover damages for his being illegally killed by the railroad, under the provisions of Lord Campbell's Act. The plaintiff-appellant claims that the word 'parent,' as used in that act, has no reference to the legitimacy of the offspring. As early as the year 1812 it was held by the court of equity in this State, as found in the two cases of *Barwick* v. *Miller,* and *Jones* v. *Sarah Burden,* 4th DeSaussure's Eq., page 439, by the Judges of the Court of Appeals, except Judge James, that it was established law in this State that the mother of a bastard child, who dies intestate, can not inherit either real or personal estate from her bastard child. 13th Cyc., of Law and Procedure, page 337, says: "It is a well-recognized rule of construction that *prima facie* the word 'child' or 'children,' when used in a statute, means legitimate child or children, and that bastards are not within the meaning of the terms, and, therefore, where parents are given the right of action, for the death of a child, such action can not be maintained by a parent for the death of a bastard."

It will thus be seen that the decision was based on the ground that a mother could not inherit from her illegitimate child.

The Act of 1906 was passed for the purpose of providing a remedy for this supposed defect in the law; and the case of *McDonald* v. *Ry.,* 71 S. C., 382, 51 S. E., 138, 2 L. R. A. (N. S.), 640n, shows that Section 3 related to the subject expressed in the title of the act.

Having reached this conclusion, the other questions become merely speculative.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.