EMMA HADLEY, *Plaintiff in Error*, v. THE CITY OF TALLA-
HASSEE, *Defendant in Error*.

Opinion Filed May 11, 1914.

DEATH BY WRONGFUL ACT OF ILLEGITIMATE MINOR CHILD—
MOTHER ALONE HAS RIGHT TO SUE AND RECOVER
DAMAGE FOR.

Under our statutes the mother of an illegitimate minor child, and
the mother alone, has the right to sue for and recover
damages for the death of such child by the wrongful act,
negligence, carelessness or default of another.

Writ of Error to Circuit Court for Leon County; J. W.
Malone, Judge.

Judgment reversed.

*W J. Oven*, and *S. H. Diamond*, for Plaintiff in Error;

*F. T. Myers*, for Defendant in Error.

TAYLOR, J.—The plaintiff in error as plaintiff below
sued the defendant in error as defendant below in the
Circuit Court of Leon County for damages for the al-
leged negligent killing by electricity of an illegitimate
child of the plaintiff of the age of six years.

The defendant demurred to the declaration on the
grounds, among others, that the statute giving the right
of recovery for the negligent death of a minor child. con-
templates only legitimate children, and that no recovery
can be had under it by the mother of an illegitimate child
negligently killed; and that if a right of action exists
under the statute for the wrongful death of a bastard

child, it does not accrue to the mother unless the father
be dead. This demurrer was sustained by the court be-
low, and final judgment rendered thereon in favor of the
defendant, and against the plaintiff, who brings it here
for review by writ of error.

Our statute, Section 3147 General Statutes of 1906,
enacted in 1899, provides as follows:

"Death of Minor Child by Wrongful Act.—Whenever
the death of any minor child shall be caused by the
wrongful act, negligence, carelessness or default of any
private association of persons, or by the wrongful act,
negligence, carelessness or default of any officer, agent
or employee, or by the wrongful act, negligence, careless-
ness or default of any corporation, or by the wrongful
act, negligence, carelessness or default of any officer,
agent or employee of any corporation acting in his ca-
pacity as such officer, agent or employee, the father of
such minor child, or if the father be not living, the
mother, as the legal representative of such deceased minor
child, may maintain an action against such individual,
private association of persons or corporation, and may
recover not only for the loss of service of such minor
child, but in addition thereto such sum for the mental
pain and suffering of the parent or parents as the jury
may assess."

Long prior to the enactment of the foregoing statute
our Legislature on November 17th, 1829, enacted the fol-
lowing provision, brought forward as Section 2292 of
the General Statutes of 1906:

"Bastards shall be capable of inheriting or transmit-
ting inheritance on the part of their mother in like man-
ner as if they had been lawfully begotten of such
mother." ·

Prior to the adoption of the last above quoted statute,

under the Common Law of England, then in force in this Territory, a bastard in the eye of the law had neither father or mother, nor any other kindred, but was regared as *nullius filius*. But by the adoption of this statute a mother was assigned to him through whom and to whom he could receive and transmit inheritance of property just as though he had been of legitimate birth. This statute recognizes in the parentage of bastards their mother as such, but leaves the parentage so far as the father is concerned where it was before its adoption. On his father's part he is still *nullius filius*. In other words under this statute a bastard has a mother fully recognized by law as such, but no father. Our Legislature had this statute before them when in 1899 it enacted Section 3147 General Statutes above quoted, giving to the mothers of minor children, when the fathers of such children were not living, the right to recover for their death by wrongful act. Insofar as bastards are concerned, they have no fathers recognized as such by any law, but as to them and the right of their mothers to recover for their wrongful death under this statute, they occupy the same status before the law as a legitimate child whose legally recognized father was actually dead. This statute, being in derogation of the common law, we admit under the general rule, should receive a somewhat strict construction, but at the same time it should be borne in mind that it is a remedial statute also, and that it should not receive so narrow a construction as to defeat the intention of the lawmaking power in its enactment. What was that intention? In the broad language of the statute itself, it was to furnish a remedy for the death of *"any minor child"* by the wrongful act, negligence or carelessness of another. Could it have been the intention of our lawmaking power in the enactment of this law, to ex-

clude from its remedial provisions the unfortunate illegitimate for whose misfortune of birth he has no sort of personal responsibility, thereby making him a double outcast, with no right to the protection of the law for his life, leaving him the unprotected target for the wilful, negligent and careless on every hand? We are not inclined to give the statute such a construction; but our better judgment leads us to hold with those courts, that in the construction of statutes similar in all material respects to ours, have held that the mother of an illegitimate minor child, and the mother alone, has the right to sue for and recover damages for the death of such child by the wrongful act, negligence, carelessness or default of another. Southern Ry. Co. v. Hawkins, 35 App. Cas. D. C. 313; Croft v. Southern Cotton Oil Co., 83 So. Car. 232, 65 S. E. 216; Security Title & Trust Co. Adm'r. v. West Chicago St. R. R. Co., 91 Ill. App. 332; Veronica Muhl's Adm'r. v. The Michigan Southern R. R. Co., 10 Ohio St. 272; Galveston H. & S. A. R. Co. v. Walker, 48 Tex. Civ. App. 52, 106 S. W. Rep. 705; Marshall v. Wabash R. Co., 120 Mo. 275, 25 S. W. Rep. 179; Dickason Coal Co. v. Liddil, 49 Ind. App. 40, 94 N. E. Rep. 411.

It follows from what has been said that the judgment of the court below must be, and is hereby, reversed, and the cause remanded with directions to overrule the demurrer of the defendant to the plaintiff's declaration, at the cost of the defendant in error.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.