[No. 18253.   Department Two.   May 15, 1924.]

THEO. GOLDMYER, *Appellant,* v. JAMES VAN BIBBER, *Respondent.*[1]

DEATH (13)—WRONGFUL DEATH—ACTIONS—PERSONS ENTITLED TO SUE—STATUTES. Under Rem. Comp. Stat., § 184, giving a right of action to a father, and in case of his death or desertion, to the mother, for the wrongful death of a child, the mother of an illegitimate child may maintain the action, notwithstanding Id., § 143, adopting the common law and the father's failure to recognize the child; in view of Id., §§ 1345, 1346, changing the common law rule and restoring the right of inheritance between the mother and an illegitimate child.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered June 11, 1923, upon granting a nonsuit, dismissing an action for wrongful death. Reversed.

*C. D. Cunningham* and *Forney & Ponder,* for appellant.

*W. E. Bishop* and *W. H. Abel,* for respondent.

[1]Reported in 225 Pac. 821.

PEMBERTON, J. — Appellant instituted this action against respondent for the recovery of damages for the death of her minor child. She alleges in her complaint:

"That on, to-wit: the 2nd day of August, 1922, near Riffe, Lewis County, Washington, the defendant engaged in an altercation with the said Carl Hemrick, minor son of this plaintiff, during which the defendant, without any just provocation, cause or lawful excuse therefore wrongfully, wantonly, willfully, unlawfully, carelessly and recklessly shot the said Carl Hemrick with a loaded and deadly revolver pistol which defendant then and there held in his hand, with the result thereof, that on the said 2nd day of August, 1922, the said Carl Hemrick died."

A jury was empaneled to try the case. It was admitted by appellant that she was proceeding under § 184, Rem. Comp. Stat. [P. C. § 8264], that her minor child, Carl Hemrick, was born out of wedlock; that the family relation of husband and wife never existed between appellant and the father of the deceased child, and that the child had never been legitimatized. Respondent moved to dismiss the action on the ground that the appellant had no legal capacity to sue. The motion was granted and judgment of dismissal entered, from which this appeal is taken.

Section 184, *supra,* reads as follows:

"A father, or in case of the death or desertion of his family, the mother may maintain an action as plaintiff for the injury or death of a child, and a guardian for the injury or death of his ward."

This law was passed in 1869 and reenacted in 1873.

Our statute provides that "the common law, so far as it is not inconsistent with the constitution and laws of the United States, or of the state of Washington, nor incompatible with the institutions and condition of

society in this state, shall be the rule of decision in all the courts of this state." Rem. Comp. Stat., § 143 [P. C. § 8252]. It is admitted that, at common law, the word "child" in § 184, *supra,* means "legitimate child" only.

Appellant calls to our attention §§ 1345 and 1346, Rem. Comp. Stat. [P. C. §§ 9850, 9851], passed in 1875. Section 1346 restores the right of inheritance between the mother and an illegitimate child, and § 1345 provides a method whereby the father may acknowledge the child in writing and the child may thereafter inherit from his father.

It is the contention of appellant that the common law rule of *nullius filius* is inconsistent with our law permitting an illegitimate child to inherit from its mother, and providing a method whereby its right of inheritance may be allowed through recognition by its father, and therefore the common law rule no longer obtains in this state.

In the case of *In re Gorkow's Estate,* 20 Wash. 563, 56 Pac. 385, where a father during his lifetime had acknowledged his illegitimate child in writing, this court held that he was bound to support the child while living, and his estate was required to support the child after the death of the father. We said:

"There appears no substantial reason for drawing a refined distinction between the acknowledged illegitimate child and the lawful child, as between them and their father's estate. It is not necessary to follow the discussion, and determine whether all taint of bastardy has been removed from the acknowledged child. It is sufficient to hold that he comes within the terms of the statute for an allowance from the estate pending its settlement. Such allowance as prescribed by the statute is within the sound judgment of the court as to the amount."

If there should be no distinction between illegitimate children acknowledged by the father and his lawful children, there certainly can be no lawful distinction between the children of the mother, the law requiring no formal acknowledgment on her part.

In the case of *Hadley v. City of Tallahassee,* 67 Fla. 436, 65 South. 545, Ann. Cas. 1916C 719, the court said:

"In the broad language of the statute itself, it was to furnish a remedy for the death of 'any minor child' by the wrongful act, negligence or carelessness of another. Could it have been the intention of our law-making power in the enactment of this law to exclude from its remedial provisions the unfortunate illegitimate for whose misfortune of birth he has no sort of personal responsibility, thereby making him a double outcast, with no right to the protection of the law for his life, leaving him the unprotected target for the wilful, negligent and careless on every hand? We are not inclined to give the statute such a construction; but our better judgment leads us to hold with those courts, that in the construction of statutes similar in all material respects to ours, have held that the mother of an illegitimate minor child, and the mother alone has the right to sue for and recover damages for the death of such child by the wrongful act, negligence, carelessness or default of another."

This rule seems to be supported in a majority of the states. *Marshall v. Wabash R. Co.,* 120 Mo. 275, 25 S. W. 179; *Galveston H. & S. A. R. Co. v. Walker,* 48 Tex. Civ. App. 52, 106 S. W. 705; *Andrzejewski v. Northwestern Fuel Co.,* 158 Wis. 170, 148 N. W. 37; *Kenney v. Seaboard Air Line R. Co.,* 167 N. C. 14, 82 S. E. 968, Ann. Cas. 1916E 450, Affirmed in 240 U. S. 489, 60 L. Ed. 762; *Southern R. Co. v. Hawkins,* 35 App. D. C. 313, 21 Ann. Cas. 926; *Security Title & Trust Co. v. West Chicago St. R. Co.,* 91 Ill. App. 332; *Dickason Coal Co. v. Liddil,* 49 Ind. App. 40, 94 N. E. 411; *Thompson v. Delaware L. & W. R. Co.,* 41 Pa. Super.

Ct. 617; *Wheeler v. Southern R. Co.,* 111 Miss. 528, 71 South. 812; *Croft v. Southern Cotton Oil Co.,* 83 S. C. 232, 65 S. E. 216; *Muhl v. Southern Michigan R. Co.,* 10 Ohio St. 272.

Respondent relies upon the case of *McDonald v. Pittsburgh, C., C. & St. L. R. Co.,* 144 Ind. 459, 43 N. E. 447, 55 Am. St. 185, 32 L. R. A. 309, and states:

"There the action was by the father of the illegitimate child under a statute identical in terms with our own, and is our strongest case."

This same court in a later case wherein the mother instituted a suit for the wrongful death of her illegitimate child, sustained her right and said:

"It will be seen that the chief incapacity of a bastard consisted in his want of inheritable blood. This want has been supplied in this state by statute, and the harsh rule of the common law which forbade an illegitimate child inheriting from its mother or she from it has been thereby abrogated." *Dickason Coal Co. v. Liddil,* 49 Ind. App. 40, 94 N. E. 411.

It is contended by respondent that the words of the statute "a father, or in case of the death or desertion of his family, the mother may maintain an action," do not permit the mother to maintain an action until after there is a recognized father and his death or desertion of the family occur. Under the theory of counsel, if the father were to recognize in writing his illegitimate son and his death occur, or if he should desert his family, the mother then would have the right to institute this action. It certainly cannot be the law that the mother's right is defeated because of the failure of the father to perform his duty in the recognition of his child.

It is contended by respondent that "in the interests of good morals and of the family, upon grounds of broad public policy, the courts do not extend the stat-

ute so as to confer a right of action for the death of an illegitimate child.'' Whether there was a sufficient reason for an illegitimate child at common law to be considered nobody's child, it is certainly the policy of the law of this state that such child is the child of its mother and may be recognized by its father. If the question of morality enters into this controversy, certainly it should be the rule that anyone who would unlawfully take the life of another should answer in damages for such loss, and the wrongdoer cannot insist upon a rule of morality to defeat recovery. Instead of being the son of nobody, as at common law, our statute recognizes that he has a mother. It is her duty to support him and she is entitled to his services during his minority.

Being entitled to his services during his minority, the mother of an illegitimate child may recover under § 184, Rem. Comp. Stat. [P. C. § 8264], against anyone who unlawfully takes the life of her child.

The judgment will be reversed, and the case remanded with directions to proceed with the trial consistent with the views herein expressed.

MAIN, C. J., FULLERTON, BRIDGES, and MITCHELL, JJ., concur.