(118 So. 458)

SOUTHERN RY. CO. v. CARLTON.
(6 Div. 10, 30).

Supreme Court of Alabama. Oct. 25, 1928.

---

[1] Opinion withdrawn. For substituted opinion, see 19 Ala. App. 1, 95 So. 548.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Joseph P. Mudd, of Birmingham, for appellee Glen Iris Dairy Co.

W. A. Denson, of Birmingham, for appellee and cross-appellant.

BOULDIN, J. The suit is by the mother of a minor child to recover damages for his death by wrongful act. Code, § 5695.

Certain counts of the complaint base the mother's right to maintain the action on averments that the father had deserted his family. Code, § 5694. Other counts, upon averments that the child was of illegitimate birth.

A verdict having been rendered for defendants, a new trial was granted as to defendant Southern Railway Company, on motion of plaintiff. The appeal is from this judgment.

■ Counsel for appellant greatly reduce the labors of the court by presenting only two questions going to the right of plaintiff to recover in any event. These questions are:

First. May the mother of a bastard minor child maintain the action for his death by wrongful act under Code, § 5695, or is the right of action limited to the personal representative under section 5696?

Second. Was there evidence of desertion by the father making a case for the jury on counts basing the mother's right to sue on his desertion of the family?

On the first proposition appellant insists that "minor child," within the meaning of sections 5694 and 5695, is a legitimate child only.

These sections, standing alone, shed no special light on this inquiry.

Section 5694 deals with the right of action of the parent for injuries to the minor child; its main purpose being to name the party plaintiff in such action in the several events therein mentioned.

Section 5695 creates a new cause of action for death of a minor child by wrongful act. It defines the cases in which the parent or personal representative shall sue. As between father and mother, this section refers back to the preceding section. Under this statute the damages are punitive, such as the jury may assess. A suit under the act is made a bar to an action by a personal representative under section 5696. Louisville & N. R. Co. v. Cross, 205 Ala. 626, 88 So. 908; Louisville & N. R. Co. v. Phillips, 202 Ala. 502, 80 So. 790; Louisville & N. R. Co. v. Bogue, 177 Ala. 349, 58 So. 392.

Section 5696, the Homicide Act, is an inclusive statute, conferring upon a personal representative of a decedent, whether a minor child or not, a right of action for death by wrongful act. It is a punitive statute, and admittedly is unaffected by any circumstance of birth of the victim.

However, the recovery is not a part of decedent's estate in the ordinary sense, but the personal representative is a statutory agent or trustee to sue for the benefit of those entitled to take under the statute of distributions.

Every illegitimate child is the heir of the mother, as if born in lawful wedlock. Code, § 7371.

The mother, or kindred on the part of the mother, are entitled to inherit the estate of an illegitimate in default of issue of his body. Code, § 7372.

These statutes, with some modification, date back to 1824; are much older than those above considered. Much has been written as to the purpose of these statutes in removing the severities of the common law as to the bastard.

As related to property rights, he was without kindred, without inheritable blood, could not take by inheritance nor transmit by in-

heritance save to issue of his own body. Such consequences visited on him who was without fault as to his coming into the world, such statutes intend to modify.

That the benefit of same should extend to the mother, a particeps criminis in bringing him into the world, is not so apparent. Still, his right to accumulate property to descend to the natural mother or his kindred through her, is one of the benefits conferred by our statutes upon the illegitimate.

So, in the case before us, if decedent was an illegitimate child, the recovery in an action by the personal representative would inure one half to the benefit of the mother and the other half to his brothers and sisters through her. Ward v. Matthews, 122 Ala. 188, 25 So. 50.

It seems to be the policy of section 5695, as now framed, to permit the parent of a minor child, entitled to take under the law, to sue directly in his or her own right for his death by wrongful act, in preference to the statutory agent under the succeeding section. It seems illogical to hold an illegitimate child is a child of his mother for purposes of a suit for her benefit but not her child within the statute authorizing direct suit by her.

In Foster v. Lee, 172 Ala. 32, 55 So. 125, Ann. Cas. 1913C, 1335, it was held the inheritable blood of the illegitimate extends to his children and grandchildren, who are entitled to inherit direct from his mother. In course of the opinion by Mr. Justice Somerville, it was said:

"And, if it be inquired why in express terms they failed to make the bastard and his descendants the heirs of his mother, the obvious answer is that by their very terms they make the bastard as much the child and heir of his mother as if he were born in lawful wedlock; that is, fully legitimates him for the purpose of heirship and succession, and as though he never were a bastard."

By parity of reasoning we conclude he is so far legitimated as to be a "minor child" of his mother within the meaning of section 5695.

This conclusion is in harmony with the weight of modern authority construing similar statutes.

We cite, without review, the following wherein other cases may be found. Goldmyer v. Van Bibber, 130 Wash. 8, 225 P. 821; Hadley v. Tallahassee, 67 Fla. 436, 65 So. 545, Ann. Cas. 1916C, 719 and note 720; Marshall v. Wabash R. Co., 120 Mo. 275, 25 S. W. 179; Galveston, H. & S. A. R. Co. v. Walker, 48 Tex. Civ. App. 52, 106 S. W. 705; Kenney v. Seaboard Air Line R. Co., 167 N. C. 14, 82 S. E. 968, Ann. Cas. 1916E, 450; Thompson v. Del., L. & W. R. Co., 41 Pa. Super Ct. 617; Wheeler v. Southern R. Co., 111 Miss. 528, 71 So. 812; Croft v. Southern Cotton Oil Co., 83 S. C. 232, 65 S. E. 216; 17 C. J. 1220.

■ We take up the second inquiry, viz: Whether under the evidence a jury case was

made on those counts basing the mother's right to sue upon allegations that the father had deserted his family.

The counts proceed on the assumption that the deceased child, born during wedlock, was the legitimate child of the husband.

"Desertion of his family" forfeits the right of the father to bring suit for the death of his minor child by wrongful act, and vests the right in the mother. Code, § 5694. This provision is incorporated into section 5695 by reference.

In the case of suit for injury to the minor child, the damages of the parent are separate and distinct from damages recoverable by the infant himself. The parents' damages include loss of services and expense of treatment for the injury. In the concept of the law these are due the parent because of support, maintenance and education furnished the child by the parent. Reciprocal rights and duties grow out of the family relation.

The term "desertion" may have a legal meaning somewhat modified by its context in the statute. As here used, the question of maintenance and support of the family within his reasonable means is of manifest, if not controlling, importance, on the issue of desertion.

Without elaborating details, there was some evidence, that while the father and children lived under the same roof, occupied the same residence, the property of the wife and mother, he did not support the children; that the mother fed and clothed them; that the father supplied and ate at the table of another woman. As to the child, Paul, who was killed, there was evidence that the father disowned him as a bastard; that he was supported by the mother with contributions from another man who claimed to be his father.

Omitting a discussion of the evidence touching the cause of separation of husband and wife, and not deciding whether it furnishes any evidence of desertion by the husband as between them, we think there was some evidence of desertion of his family within the meaning of this statute. Welch v. State, 69 Fla. 21, 67 So. 224; Tipton v. Tipton, 169 Iowa, 182, 151 N. W. 90, Ann. Cas. 1916C, 361; Graves v. Graves, 88 Miss. 677, 41 So. 384.

We would be understood as intimating no opinion upon the weight of the evidence touching any phase of the case.

On cross-appeal by plaintiff, from the denial of the motion for new trial, as against Glen Iris Dairy Company, it appears the accident occurred by collision of a locomotive of the Southern Railway Company with a truck of the Dairy Company at a public crossing.

The trial court gave the affirmative charge for the Dairy Company.

If we concede there was some evidence that the child was on the truck with the knowledge and consent of the driver, or by invitation, express or implied, to ride on the truck and aid in delivering milk, no evidence appears that the driver was authorized to extend such invitation or to give license to ride upon the truck.

Without conflict the evidence disclosed a want of such authority, and that he had instructions to the contrary. There was no error in giving the affirmative charge as to the Dairy Company. Barker v. Dairymen's Milk Products Co., 205 Ala. 470, 88 So. 588; Garner v. Baker, 214 Ala. 385, 108 So. 38; Powers v. Williamson, 189 Ala. 600, 66 So. 685.

Affirmed on direct and cross appeals.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.