[No. 13331.  In Bank. — October 25, 1890.]

GEORGE E. WHITE, APPELLANT, *v.* FRANKIE WHITE, RESPONDENT.

DIVORCE — DESERTION — EXTREME CRUELTY — ADULTERY — CROSS-COMPLAINT — RECRIMINATION — CONSISTENCY OF FINDINGS. — When the husband sues the wife for a divorce upon the alleged grounds of adultery and desertion, and the wife denies the charges, and brings a cross-complaint against the husband for a divorce, alleging adultery, willful neglect, desertion, and extreme cruelty on his part, and the husband pleads the wife's desertion by way of recrimination, if the court finds against plaintiff as to the alleged adultery and desertion of the wife, and in favor of defendant as to plaintiff's adultery, neglect, and desertion, and against her as to the averment of cruelty, a finding that defendant left the plaintiff and did not return is not inconsistent with the finding that she did not desert the plaintiff.

ID. — LEAVING HUSBAND FOR CRUELTY — CORROBORATING EVIDENCE. — Though the court cannot grant a divorce on the ground of extreme cruelty of the husband upon the uncorroborated testimony of the wife, it is not under such restraint when considering whether the leaving of the husband by the wife constituted willful desertion, or was justified by his cruel treatment, and upon that issue the court may believe the uncorroborated testimony of the wife as against the testimony of the husband.

ID. — DISPOSITION OF COMMUNITY PROPERTY — FINDINGS — APPEAL FROM JUDGMENT — PRESUMPTION — DISCRETION. — When an appeal is taken from a judgment granting a divorce to the wife for the adultery of the husband, and awarding to her the whole of the community property, though the court finds that it cannot determine fully the resources of the husband without an investigation and accounting before a referee, yet if it finds that evidence had been taken on the subject of property, it will be presumed, in favor of the decree, that the court knew the limits within which the community property would lie, and intelligently exercised its discretion in awarding the whole of it to the wife.

ID. — VALIDITY OF ANTENUPTIAL CONTRACT — SEPARATE PROPERTY — PLEADING — EVIDENCE — PRESUMPTION UPON APPEAL. — When upon the issue as to the existence of community property, the husband introduces in evidence an antenuptial contract to the effect that all property acquired after marriage should be the separate property of the husband, which was pleaded in answer to the wife's cross-complaint, the wife can attack its validity for any cause; and upon appeal from the judgment, where there is no bill of exceptions, it must be presumed that evidence attacking the validity of such contract was not objected to in the court below, and that the issue as to its validity was tried upon its merits.

ID. — OBJECTION UPON APPEAL FOR FIRST TIME. — It cannot be objected upon appeal, for the first time, that the validity of such contract was determined by the court in the proceeding for divorce, instead of in a separate action.

ID. — DECREE ANNULLING CONTRACT — SURPLUSAGE. — When the facts found
by the court are sufficient to warrant the conclusion that such contract
was invalid because improperly procured, a decree annulling the contract
and awarding the whole of the property acquired after marriage by the
community to the wife will be affirmed, though perhaps it was unneces-
sary to decree the contract a nullity, that part of the decree being, at
worst, only surplusage.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*E. D. Wheeler*, and *Barclay Henley*, for Appellant.

*H. E. Highton, H. C. McPike*, and *J. A. Cooper*, for Re-
spondent.

McFARLAND, J. — 1. This is an action for a divorce
upon the alleged grounds of adultery and willful deser-
tion, brought by the husband against the wife. The de-
fendant filed an answer and cross-complaint, in which
she denied the charges made against her in the com-
plaint, and, alleging adultery, willful neglect, willful
desertion, and extreme cruelty against plaintiff, prayed
that she be granted a decree of divorce for those causes.
The trial court found against plaintiff as to his aver-
ments of defendant's adultery and desertion, in favor of
defendant as to her averments of plaintiff's adultery,
neglect, and desertion, and against her as to her aver-
ment of plaintiff's extreme cruelty. Judgment was ren-
dered denying the prayer of the complaint, and decreeing
a divorce according to the prayer of the cross-complaint.
Plaintiff appeals from the judgment upon the judgment
roll alone. (There are also questions about community
property, which will be noticed hereafter.)

As there is no evidence before us, that part of the
judgment which decrees a divorce must be affirmed,
unless its invalidity appears upon the face of the judg-
ment roll. The point which appellant makes against

the validity of the decree of divorce, stated briefly, is this: Appellant, in his answer to respondent's cross-complaint, pleaded her desertion by way of recrimination. The court found that respondent did leave the appellant on October 26, 1884, and did not return; and as the court also found that appellant was not guilty of extreme cruelty, therefore respondent must have been guilty of desertion. But as to respondent's averment of appellant's cruelty, the court finds as follows: " There is testimony tending to prove the allegations of the extreme cruelty contained in the fourth cross-complaint of the defendant, but as to the specific acts therein alleged they are mainly sustained by the evidence (testimony) of the defendant herself, which is contradicted by the plaintiff, and the corroborating circumstances are insufficient to establish the said specific acts, or the said charge of extreme cruelty." The court was here dealing with the respondent's affirmative averment of extreme cruelty as a distinct cause for granting her a divorce, and was acting under the restraint of section 130 of the Civil Code, which provides that " no divorce can be granted upon the default of the defendant, or upon the uncorroborated statement, admission, or testimony of the parties." But the court was not under that restraint when considering appellant's affirmative averment of respondent's desertion as a distinct cause of divorce on his part, she claiming that his treatment justified her in leaving. And if upon that issue the only evidence was the testimony of the parties, there is no rule which prevented the court from believing the one, or disbelieving the other. We therefore see no reason for disturbing the judgment, so far as it decrees a divorce.

2. Respondent, in her cross-complaint, averred that appellant was the owner of a large amount of property, and that certain parts of it were community property; and the court decreed that the whole of the community property be awarded to respondent. And appellant con-

tends that in this part of the decree the court " acted improperly and erroneously, and not intelligently, and without knowledge of all the facts of the case, or the condition of the parties." This contention is founded upon the latter part of finding 14, which is as follows: "It is impossible, upon the testimony, so far as available and produced, to determine what the property, real and personal, the resources, the income, and the interests, of the plaintiff really are, or were at the commencement of this action, or what proportion community property; and to obtain this information, and to enable the court to act intelligently and finally upon these questions, a strict, accurate, and full inquiry, investigation, and account is indispensable, which, from its nature, cannot originally be taken by the court itself, but must in the first instance be had and conducted by a competent referee." But the previous part of said finding recites the fact that evidence had been taken on the subject of property; and it may well be assumed that sufficient evidence had been introduced to inform the court generally on that subject, so that it could know the limits within which the value of the community property would lie, and thus intelligently exercise its discretion in awarding all such property to respondent. The decree contained a clause appointing a referee to take, and report to the court for its final action, a full and accurate account of the property. In all this we see no error; and the point here made by appellant is, in our opinion, not tenable.

3. Appellant, in his answer to the cross-complaint, denied that there was any community property, and also averred that, immediately preceding the marriage, the parties entered into a written contract, properly executed and acknowledged, by which it was agreed that all property acquired by plaintiff after the marriage should be his separate property, and should in no event become community property. The court found that this con-

tract, owing to circumstances under which appellant procured respondent to make it, was invalid, and decreed it to be set aside and annulled. Appellant contends that this was error, because that result could have been legally reached only in an action brought by respondent for the direct purpose of annulling said contract, and in which pleadings on that issue could have been properly framed. But in the case at bar the real issue here involved was as to the existence of community property, which was affirmed by respondent, and denied by appellant; and if on that issue the latter chose to introduce the said contract in evidence, it is difficult to see why respondent could not attack its validity for any cause.

The fact that appellant pleaded the contract in his answer made no difference, for under our system it stood as denied. But waiving the question whether there would be any merit in the point if properly presented, it is sufficient to say that, in the case at bar, there being no bill of exceptions, it must be assumed, in support of the judgment, that appellant made no objection to the introduction of evidence attacking the validity of the contract. The parties therefore must be treated, according to numerous decisions of this court, as having waived all objection, and as having tried the issue upon its merits. It is too late to make the objection here for the first time. (*King* v. *Davis,* 34 Cal. 106; *Hutchings* v. *Castle,* 48 Cal. 155.) It was perhaps going further than was necessary for the court to decree the contract a nullity; but that would be, at worst, only surplusage.

We think that the facts found by the court were sufficient to warrant the conclusion that the contract was invalid because improperly procured. Judgment affirmed.

BEATTY, C. J., FOX, J., THORNTON, J., and WORKS, J., concurred.

PATERSON, J., concurring. — I concur in the views expressed by Mr. Justice McFarland, but would decide the first contention on the broad ground that the cruelty referred to in section 98 of the Civil Code, and which makes the offending party the deserter, is not necessarily of the same character or grade as the "extreme cruelty" defined in section 94 as one of the grounds of divorce. Section 98 reads as follows: "Departure or absence of one party from the family dwelling-place, caused by cruelty or threats of bodily harm, from which danger would be reasonably apprehended from the other, is not desertion by the absent party, but it is desertion by the other party." This section, say the code commissioners, was "intended to settle a question discussed as doubtful in 1 Bishop on Marriage and Divorce, sections 787, 791, and 794." If a wife quits her husband's house under probable cause to apprehend personal violence from him, or if he, by reason of acts of cruelty, drives her from the home, it is the same as if he had thrown her out of doors. If the acts of cruelty show an intention on his part to drive her from him, he is held responsible for the natural and probable consequences of such acts, and it is as much desertion on his part as if he had without cause left her, intending to desert her. Unless section 98 provides for a grade of cruelty other than that defined in section 94, it is entirely superfluous. The two sections would provide for one cause of action only, under two different names.