HENRY T. GRAVES *v.* SUSAN H. GRAVES.

[41 South. Rep., 384.]

1. DIVORCE. *Code* 1892, § 1562. *Desertion. Refusal to cohabit.*

   Under code 1892, § 1562, making "wilful, continued and obstinate desertion for the space of two years" a cause for divorce, a husband whose wife has wilfully, continuously and obstinately refused to cohabit with him for the space of two years is entitled to a divorce, although she lived in the same house with him during the time.

2. SAME. *Evidence. Admissibility.*

   In a suit by a husband for divorce, evidence of statements of the wife as to her relations with her husband is admissible.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

Henry T. Graves, the appellant, was complainant in the court below; his wife, Susan H. Graves, the appellee, was defendant there. The object of the suit was to obtain a divorce because of the "willful, continued and obstinate desertion, for the space of

two years," of complainant by defendant. From a decree in defendant's favor the complainant appealed to the supreme court. The facts are recited in the opinion of the court.

*Ford & White,* for appellant.

There has been some division among the courts as to whether mere refusal of sexual intercourse without physical excuse, persisted in for a sufficient length of time, will constitute desertion. Mr. Bishop, in his work on "Marriage, Divorce and Separation," reviews the conflicting decisions on this subject, and lays down the rule in the following language:

"Nothing injurious to health can be required of either party in marriage; but if from no consideration of health and from no other good reason, either the husband or wife permanently, totally and irrevocably puts an end to what is lawful in marriage and unlawful in every other relation—to what distinguishes marriage from every other relation—this by the better opinion constitutes matrimonial desertion, though the deserting party still consents to live in the same home with the other, in the capacity of brother, sister, parent, child or friend, either for pay or as a gratuity." 1 Bishop on Marriage, Divorce and Separation, sec. 1676.

It would be idle to cite authorities to support this doctrine for the reason that this case does not rest upon the breach of one matrimonial relation alone. In this case every conjugal duty, every obligation and every relation assumed by her marriage vows, had been abandoned by the wife with a fixed determination that they should never be renewed. The act of desertion with intent to finally sever the matrimonial relations, persisted in for the statutory period, entitled the deserted party to a divorce, and no particular distance is prescribed or required by the statute. Mr. Bishop lays down the rule as follows:

"It is immaterial whether the distance to which the parties remove apart is great or small, except perhaps as in some circumstances aiding the evidence of their intent; for the criterion in

all cases is the intent to abandon." 1 Bishop on Marriage, Divorce and Separation, sec. 1672.

[Counsel did not appear for appellee in the supreme court.]

CALHOON, J., delivered the opinion of the court.

The decree final on this bill for divorce from the bonds of matrimony is in the following words:

"This cause coming on to be heard on bill, personal service, and oral proof had at the hearing, which has been reduced to writing and filed as a part of the record in this cause, the court, having considered the same, doth find that about three years ago defendant deserted complainant without cause; that she lived away from him about a year, during which time there was some hotly contested litigation between complainant and defendant, both over their children and their property; that defendant, on the advice of her counsel, in order to protect her property rights, returned to their home, which was involved in the litigation; that she remained at home about a year and a half, and cared for their children, who had been awarded to her husband; that complainant paid her for this service; that during the time they lived in the same house they ate separately and occupied separate portions of the house, and during all the time they lived in the same house defendant persistently and obstinately refused to cohabit with complainant as his wife, and that defendant had not cohabited with complainant since she left him three years ago; and that this refusal to cohabit with complainant has been continued, willful and obstinate for more than two years next before the filing of the bill of complainant in this cause. But the court further finds that, as a matter of fact, complainant and defendant did live in the same house, although occupying towards each other the attitude of strangers. This fact the court holds will prevent the complainant from having a decree, for the reason that the court holds, as an abstract rule of law, that a decree of divorce on account of desertion can never be predicated of a state

of facts showing that complainant and defendant have occupied the same house as their place of abode within two years.    The court further holds that the testimony as to the statements of defendant as to her relation with complainant are incompetent. It is therefore ordered that complainant's bill be dismissed without prejudice.    Ordered, adjudged, and decreed this 17th day of April, 1906."

The court below was correct in its finding of facts, but we cannot agree with the learned chancellor in the opinion that there can be no desertion where the parties live under the same roof for part of the two years.    Abandonment—desertion—may be as complete under the same shelter as if oceans rolled between. 1 Bishop on Marriage and Divorce, secs. 1672, 1676, cited by counsel.    The custody of the children having been awarded by the court to the husband, the appellant, in previous proceedings, we need not consider that.    The evidence is competent.    3 Wigmore on Evidence, pp. 2729, 2773.

*Reversed, and decree here of divorce from the bonds of matrimony.*