[S. F. No. 5125.   Department Two.—November 2, 1909.]

## CARRIE FORREST GRIERSON, Respondent, v. JAMES LOUIS GRIERSON, Appellant.

DIVORCE—PLEADING—ALLEGATION OF DESERTION.—A complaint in an action for divorce on the ground of desertion sufficiently alleges a cause of action by the averment that the defendant, "on or about the first day of July, A. D. 1904, disregarding the solemnity of his marriage vow, willfully and without cause, deserted and abandoned plaintiff, and has continued to live separate and apart from plaintiff, against her will, and without her consent." Properly construed, the allegation means that the desertion, commencing from the date specified, continued to the time of the filing of the complaint. An allegation that the desertion lasted longer than

the reasonable period mentioned in section 124 of the Civil Code was unnecessary.

ID.—PLEADING ABANDONMENT.—It was not necessary that such complaint should contain an additional averment that in the abandonment of the plaintiff the defendant remained away from her without sufficient cause, because the words "willfully and without cause" in the allegation, clearly modify the words "has continued to live" as well as the verbs "deserted" and "abandoned."

ID.—CRUELTY—WIFE LIVING APART FROM HUSBAND—DESERTION BY HUSBAND.—Where the wife, by reason of the husband's cruelty, lives apart from him, it is not necessary, in order to make his conduct desertion on his part, that he should entertain, in connection with his acts of cruelty, any settled purpose to drive her from him. It is enough if such is the natural consequence of his acts.

ID.—PLEADING EXTREME CRUELTY—ACTS OF INTEMPERANCE.—In pleading a cause of action for a divorce on the ground of extreme cruelty, allegations of excessive drinking of liquors may be coupled with other acts which, in themselves, amount to extreme cruelty.

ID.—TESTIMONY OF WIFE—CORROBORATION.—The testimony of the wife that her husband frequently spoke harshly to her and that she believed her life to be in danger, is sufficiently corroborated by the testimony of another witness to the same effect, notwithstanding the latter further testified that he had never personally seen the husband in a mood to hurt any one.

ID.—IMMATERIAL ALLEGATION IN COMPLAINT—OMISSION TO FIND.—An allegation in the complaint in such action, to the effect that the defendant "is a highly nervous and excitable man," is immaterial, and a finding thereon is unnecessary to support a judgment for the plaintiff.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order refusing a new trial. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

Julian H. Biddle, for Appellant.

Will M. Beggs, for Respondent.

MELVIN, J.—This is defendant's appeal from an interlocutory judgment of divorce and from the order denying the motion for a new trial.

The judgment was in favor of plaintiff upon two causes of action, the first for desertion and the second for extreme cruelty. Appellant urges as grounds for reversal: 1. That

the demurrer was improperly overruled; and 2. That the findings are not supported by the evidence. The first cause of action is briefly, but, we think, fully stated. The gist of it is in the following language: "That on or about the first day of July, A. D. 1904, the said defendant, disregarding the solemnity of his marriage vow, willfully and without cause, deserted and abandoned plaintiff, and has continued to live separate and apart from plaintiff, against her will, and without her consent." We find no merit in the theory that the pleading fails to assert how long the desertion continued. The language quoted means, when fairly interpreted, that the desertion dating from about July 1, 1904, continued to the time of the filing of the complaint. It can mean nothing else and would be given no additional force if words had been appended to the effect that the desertion lasted longer than the reasonable period mentioned in section 124 of the Civil Code. Nor was it necessary that the pleading should contain an added averment that in the abandonment of the plaintiff defendant remained away from her without sufficient cause, because the words "willfully and without cause" in the quoted paragraph of the complaint clearly modify the words "has continued to live" as well as the verbs "deserted" and "abandoned."

Appellant's counsel cites *McVickar* v. *McVickar*, 46 N. J. Eq. 490, [19 Am. St. Rep. 437, 19 Atl. 249], to support the view which he apparently holds that unless a defendant's acts of cruelty show an *intention* upon his part to drive his wife from the home he may cure the results of a milder degree of cruelty, although it was sufficient to send her into temporary exile, by urging her to return to him. There is an expression in the closing paragraph of the learned vice-chancellor's opinion in that case which, at first glance, might be taken as a statement of such a rule. Closer examination of the case, however, will bring to mind the fact that the writer of the opinion was discussing the duty of the offending party in seeking reconciliation if he would escape the conclusion that his wife lived separate and apart from him by his own desire. There is nothing in that opinion, however, which supports the theory that the wife must in every case accept the advances of her husband. But, even if there were such a rule, it would have no application here, for the court below found in this case

that the husband's conduct amounted to desertion, and, as was said in *McVickar* v. *McVickar*, 46 N. J. Eq. 490, [19 Am. St. Rep. 437, 19 Atl. 249], it is not necessary "that the husband should entertain, in connection with his acts of cruelty, any settled purpose to drive his wife from him. It is enough if such is the natural consequence of his acts." The court having found, in effect, that his cruelty was (to quote again from *McVickar* v. *McVickar*) of such "intensity as to amount to desertion," it is unnecessary for us further to discuss the rule which seems to exist in New Jersey when the cruelty justifies merely temporary absence on the part of the wife.

There was a demurrer to the second count of the complaint on the ground that two causes of action, one for habitual intemperance, and the other for extreme cruelty, are improperly united. *Haskell* v. *Haskell*, 54 Cal. 262, is cited in the brief to support the statement that "intemperance cannot be pleaded to support cruelty." Such is not the doctrine of that case. It was there held that "habitual intemperance" and "extreme cruelty" are separate grounds of divorce and that the pleading of certain instances of voluntary intoxication in connection with other matters as constituting acts of *cruelty*, cannot, in the absence of a finding of cruelty by the court of trial, be regarded as a sufficient allegation of a cause of action for habitual intemperance. The second count contains allegations of excessive drinking of liquor coupled with other acts which, in themselves, would amount to extreme cruelty. (*Delatour* v. *Mackay*, 139 Cal. 621, [73 Pac. 454].) This part of the complaint is obviously drawn with the design of charging, and we think it does clearly allege a cause of action for extreme cruelty. The demurrer to the second count was properly overruled.

The findings that on various occasions defendant spoke harshly to plaintiff and that plaintiff believed her life to be in danger are sufficiently sustained by the testimony of plaintiff supported by that of her brother-in-law. The force of the latter's corroboration is not broken in the least by his testimony: "Personally I have never seen him (defendant) in a mood to hurt any one." This statement immediately following the declaration that the witness had never seen the appellant with a deadly weapon, obviously meant that Mr. Downing had never seen Grierson ready to perform any act of personal

violence; but that the latter did speak harshly to his wife and that Mrs. Grierson was afraid of him are facts that may be derived from the testimony of both witnesses.

Appellant's counsel calls our attention to the omission of the superior court to find on paragraph VI of the complaint. That paragraph is as follows: "That the defendant is a highly nervous and excitable man, frequently drinks and when in that condition, is dangerous; said defendant has so frequently threatened to kill plaintiff and the said child, that plaintiff is afraid that he will carry said threat into execution." The court specifically found that it was not true that defendant threatened to kill his wife or child, and this is, of course, a finding adverse to the allegation that she was afraid he would carry said threat into execution. Obviously plaintiff could not be afraid that an unuttered threat would be executed. The court found in accordance with nearly all of the substantial allegations of a preceding paragraph of the complaint "that frequently . . . the defendant would become intoxicated, and would reel around the yard and house so that neighbors and strangers could see his condition" and "that on many occasions the defendant, while intoxicated, would lie down in the house with his pipe in his mouth, and while the pipe was lit and full of live coals, the defendant would go to sleep, thereby endangering plaintiff's life, and the home and property of the parties hereto." These findings seem to cover all the other allegations of paragraph VI except, perhaps, the one that "defendant is a highly nervous and excitable man" and that, we think, was an immaterial allegation. The obligation is upon all men, whether they be nervous, phlegmatic, excitable, or habitually calm, to treat their wives decently. While courts might, in some cases, be inclined to show more charity toward nervous, excitable men than towards others less mercurial of temperament, we think that these characteristics when alleged as in this complaint would neither intensify nor excuse the defendant's acts.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.