W. B. WELCH, *Plaintiff in Error,* v. THE STATE OF FLOR-
IDA, *Defendant in Error.*

Opinion Filed January 15, 1915.

1. Under the Title "An Act to Provide Punishment for the De-
sertion of Wife or Child," the Legislature may punish the
withholding of means of support from such dependants.

2. The word "desertion" has a broader meaning than mere phy-
sical separation.

Writ of Error to Circuit Court for Alachua County;
James T. Wills, Judge.

Judgment affirmed.

*Fred Cubberly* and *W. L. Hill,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* As-
sistant, for the State.

COCKRELL, J.—This is a writ of error to a judgment
remanding to custody the plaintiff in error, who upon
*habeas corpus* sought to test the constitutionality of the
statute covering the offense of which he was charged.

The sole point presented is whether the title to the Act,
Chapter 6483, Laws of 1913, being "An Act to Provide
Punishment for the Desertion of Wife and Child or Chil-
dren, or Wife when there is no Child, and for the Deser-
tion of Child or Children" be not too restrictive to em-
brace within its scope a provision in the body of the act
punishing the withholding of means of support from
these dependents.

This contention attaches too narrow a meaning to the word "desertion" as confined solely to physical separation. See Rector v. Rector, 78 N. J. Eq 386, 79 Atl. Rep. 295. Moreover, this statute is amendatory of Section 3569 of the General Statutes, entitled "Desertion of Wife and Children," which also included withholding the means of support as a sub-division of the crime.

We must assume that the Legislature is familiar with the previous legislation it is amending, and that no one can be supposed to have been misled or lulled to indifference by a title, directed so pointedly to the former legislation.

Even without the aid of the former legislation on the subject, no decision by this court would be authority for so narrow a construction as the one now contended. The case of Ex parte Knight, 52 Fla. 144, 41 South. Rep. 786, is chiefly relied on. We there decided that the punishment for removing turpentine from a tree after it had been cut was not within the purview of our act purporting to penalize only the cutting and removal of timber The word desertion conveys the idea of neglect of a duty. I desert a friend, not merely by leaving his presence, but by failing to perform a service for him that he had a reasonable right to expect of me, and a man may be said to desert his family if he withholds from it the means necessary to its support. We cannot say that withholding the means of support from a wife or child is not fairly and reasonably included in the concept of desertion of wife and child or children.

Judgment affirmed.

TAYLOR, C. J., AND SHACKLEFORD, WHITFIELD AND ELLIS. JJ., concur.