We find no reversible error. Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

162 So. 101

## PERRY v. PERRY.

### 7 Div. 274.

Supreme Court of Alabama.
June 6, 1935.

A. L. Crumpton, of Ashland, for appellant.

Pruet & Glass, of Ashland, for appellee.

BROWN, Justice.

This appeal is from an interlocutory decree overruling the defendant's demurrers to the bill filed in the circuit court of Clay county, seeking a divorce a vinculo matrimonii.

To summarize, the bill alleges..that the complainant and respondent reside in Clay county, Ala., but respondent is temporarily located at Wadley, Randolph county, Ala.; that the parties were married in Randolph county on or about the 25th day of May, 1926, and lived together as husband and wife until about the 14th of March, 1932, when they separated in Clay county; that two children the issue of said marriage were born, one seven years of age and the other five, and that said children reside with the complainant in Ashland, Clay county, Ala., and have so resided since their separation; that on "March 14th, 1932, the respondent brought your oratrix and her two children to the home of her parents, and went to parts unknown, and that in so doing he voluntarily abandoned your oratrix and their said children, and has continuously refused to support and maintain them or either of them"; and that complainant has been a bona fide resident of the state of Alabama for more than one year next preceding the filing of the bill.

To constitute voluntary abandonment within the meaning of subsection 3 of section 7407 of the Code of 1923, as grounds for divorce, "there must be a final departure, without the consent of the other party, without sufficient reason therefor, and without the intention to return." Brown v. Brown, 178 Ala. 121, 59 So. 48.

The bill does not allege voluntary abandonment in the broad terms of the statute, but the pleader states specific facts and draws his conclusion therefrom. This is not permissible unless the facts stated, as a matter of law, sustain the conclusion. Browder v. Board of Com'rs of City of Montgomery et al., 228 Ala. 687, 155 So. 366. The grounds of demurrer pointing out this defect were well taken.

Section 7414 of the Code of 1923, which provides that "no bill can be filed for a divorce on the ground of voluntary abandonment, unless the party applying therefor, whether husband or wife, has bona fide been a resident of this state for *three years* next preceding the filing of the bill which must be alleged in the bill and proved," was, by the Act approved March 29, 1933 (General Acts Extra Session 1933, p. 85), amended by reducing the period of residence to *one* instead of *three years*. (Italics supplied.)

And section 7409 of the Code was amended by the Act approved April 19, 1933 (General Acts Extra Session 1933, p. 142), so as to authorize the granting of a divorce to the

wife when she "has lived, or shall have lived separate and apart from the bed and board of the husband for *two years* and without support from him for *two years* next preceding the filing of the bill; and she has bona fide resided in this State during said period." (Italics supplied.)

The bill does not allege a statutory ground for divorce. The circuit court therefore erred in overruling the demurrer.

Reversed and remanded.

ANDERSON, C. J., and THOMAS, and KNIGHT, JJ., concur.