75 So.2d 87

### Lillie M. WATKINS, as Guardian,

### v.

### Grady KIDD.

### 8 Div. 654.

Supreme Court of Alabama.

Oct. 7, 1954.

---

Potts & Young, Florence, for appellant.

Harold T. Pounders, Florence, for appellee.

LIVINGSTON, Chief Justice.

Suit for divorce by Grady Kidd against Inez Mott Kidd, a person of unsound mind, upon the grounds of adultery and voluntary abandonment. Cross bill by respondent for payment of reasonable attorney's fee, and for general relief. From a decree granting a divorce and denying relief under the cross bill, respondent, by and through her legally appointed guardian, Lillie M. Watkins, prosecutes this appeal.

The decree of trial court, in part, states as follows:

"It is therefore, ordered, adjudged and decreed * * * that the bonds of matrimony heretofore existing between the Complainant and Respondent be, and the same are hereby dissolved and that the said Grady Kidd is forever divorced from the said Inez Mott Kidd, for and on account of 'Voluntary Abandonment.'

" * * * Whether she is being detained by her mother and prevented from living with her husband as his wife, or whether she voluntarily is remaining away from him, he is deprived of the companionship and services of a wife and this should not be; that is, he should not be required to go through life with no prospects of wifely companionship and this Court feels that to deny relief to him in this instance would in effect be to chain him to a life of married solitude * * *."

Said portion of the decree, in our judgment, clearly exhibits a misconception of "Voluntary Abandonment," as a ground for divorce, on the part of the lower court.

Tit. 34, § 20, 1953 Cum.Pocket Part, Code of Alabama 1940, provides:

"The circuit court in equity has power to divorce persons from the bonds of matrimony, upon bill filed by the aggrieved party, for the causes following: * * * 3. For *voluntary* abandonment from bed and board for one year next preceding the filing of the bill. * *" (Emphasis added.)

Abandonment, as used in our statute, imports a willful desertion by one party of the other, and involves a violation of marital duty by the abandoning spouse. Darden v. Darden, 246 Ala. 525, 21 So.2d 549. To constitute voluntary abandonment, authorizing a decree of divorce, there must be a final departure, without the consent of the other party, without sufficient reason therefor, and without the intention to return. Nelson v. Nelson, 244 Ala. 421, 14 So.2d 155; Miller v. Miller, 234 Ala. 453, 175 So. 284; Perry v. Perry, 230 Ala.

502, 162 So. 101; McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602; Mayo v. Mayo, 199 Ala. 551, 74 So. 971; Brown v. Brown, 178 Ala. 121, 59 So. 48.

We think that the decree of the lower court plainly shows the trial judge to have been of the erroneous opinion that it mattered not whether respondent, appellant, *voluntarily* abandoned appellee. According to the language and meaning of Tit. 34, § 20, subd. 3, supra, whether appellant was being detained against her will should have been a question of paramount importance. Obviously, the circuit judge thought otherwise.

In thus granting the divorce, the court below erred not necessarily in a finding of fact, but, instead, in the application of the law to the facts. Therefore, the great weight usually given to a finding where testimony is heard ore tenus does not obtain. Chandler v. Whatley, 238 Ala. 206, 189 So. 751.

The decree of the circuit court is reversed and remanded.

Reversed and remanded.

SIMPSON, GOODWYN and CLAYTON, JJ., concur.