John D. Bennett, S.
This is a proceeding to compromise a claim for wrongful death and personal injuries, and to settle the account of the administratrix therein.
The decedent was nine years old at the date of his death. The petitioner herein is the administratrix and is the mother of the decedent. In addition to other relief, the petitioner seeks an adjudication that Robert Jordan, decedent’s father, is not entitled to share in the proceeds of the wrongful death or personal injuries claims under the provisions of sections 87 and 133 of the Decedent Estate Law, inasmuch as he neglected or refused to provide for his child during its infancy and/or abandoned such child during infancy.
Respondent and his ex-wife, the petitioner, entered into a separation agreement which among other provisions contained a clause giving petitioner custody of the child and the respondent the right of visitation, and a clause requiring him to pay a certain sum for the support of said child.
The parties were later divorced, and petitioner remarried, still retaining custody of the child. No payments were made by the respondent for the maintenance of his child from December 24,1955 until November 11,1956, the date of the child’s death.
Prior to the death of the child, petitioner commenced an action against the respondent in the Supreme Court for nonsupport of the child. No answer was interposed in that action, no default judgment being entered due to the death of the child.
At the beginning of the hearing had in this matter, the respondent’s attorney raised a question of jurisdiction, contending that this court lacks jurisdiction to entertain this proceeding while the Supreme Court action is still pending. This court holds under the facts of this proceeding that the pendency of the Supreme Court action does not bar this court from exercising its jurisdiction in this proceeding.
Respondent admitted that he had made no payments between December 24,1955 and November 11,1956, the date of decedent’s death. He seeks to be excused due to his allegations that since his wife breached the separation agreement, he was relieved of his obligations thereunder. Under the circumstances this court finds that the obligation of the respondent to provide for his child was a continuing one, regardless of his wife’s actions and *1074 of the provisions of the separation agreement. Since he failed to provide for his son during almost 11 months immediately preceding his death, he is now barred from sharing in his son’s estate and in the award for his wrongful death.