155 So.2d 330

Ex parte Herman ROBERSON.

3 Div. 59.

Supreme Court of Alabama.

July 11, 1963.

Howard Alexander, Truman Hobbs, Crosland, Sankey & Alexander and Godbold, Hobbs & Copeland, Montgomery, for petitioner.

Robert E. Varner and Jones, Murray & Stewart, Montgomery, for respondent.

LIVINGSTON, Chief Justice.

Petitioner, Herman Roberson, sought to intervene as plaintiff in a suit filed by his wife against the driver of an automobile which ran over and killed their minor son. The circuit court denied his request for intervention and he sought a writ of mandamus in this Court to require the circuit judge to permit him to intervene. The rule nisi issued on February 27, 1963, and the cause was argued and submitted on May 8, 1963.

Petitioner and his wife, Doris, have had marital difficulties for several years. They were married in 1942. Their only child, Robin, was born in 1949. In 1957, petitioner was convicted of transporting goods in interstate commerce knowing them to be stolen and he was confined in the federal penitentiary for nearly three years serving his sentence. He returned from prison in April, 1960, and he, his wife and son lived together until December, 1961, although he resented the fact that his wife had become involved with another man during his imprisonment and had spent some $20,000 in cashier's checks which petitioner had left with her.

In December, 1961, Doris separated from petitioner, filed suit for divorce and was awarded custody of the child pendente lite and also support for herself and the boy. In February, 1962, they were reconciled and lived together until October 5, 1962, when petitioner committed acts of violence upon Doris and she and her son left their home. Five days later, the son was killed.

A few days later, Doris employed Honorable Robert E. Varner, as attorney, to file suit for her for the wrongful death of her son. Subsequently, petitioner asked to intervene on the ground that he, and not his wife, was authorized to file the suit.

He contends that the statute requires that he file it; she contends that his imprisonment and his desertion of her five days prior to the son's death permits her to file it. Title 7, Sec. 119, Code 1940, authorizes, in case of death of a minor child, "the father, or the mother, in cases mentioned in the preceding section;" to file the suit. Title 7, Sec. 118, reads:

"A father, or in case of his death or desertion of his family, or his imprisonment for a term of two years or more under a conviction for crime, or of his confinement in an insane hospital, or if he has been declared of unsound mind, the mother may sue for an injury to a minor child, a member of the family."

Section 118 should be construed with Title 7, Sec. 100, which reads:

"When a husband or father has deserted his family, or is confined in an insane hospital, not having been declared of unsound mind, or when he is imprisoned for a term of two years or more under a conviction for crime, the wife or mother may prosecute and defend in his name any action which he might have prosecuted or defended, and has the same powers and rights in reference to such action which he might have had."

In construing Sec. 118 (Sec. 5694, Code 1923), this Court said in McWhorter Transfer Co. v. Peek, 232 Ala. 143, 167 So. 291:

"If the father, however, has deserted his family, or is in the penitentiary for a term of two years, or confined in the insane asylum, or adjudged insane, he has no right of action, but such right of action is in the mother of the minor, if living." (Emphasis supplied.)

Here, the father was not in the penitentiary, was not on probation and was not civilly dead. The fact that he had pre-

viously served three years in the penitentiary did not bar his right to file the suit.

The next question is whether petitioner was guilty of desertion of his family for five days, the interval between his assault on his wife and the death of their son.

In discussing "desertion of his family" as used in this statute, this Court, in Southern Ry. Co. v. Carlton, 218 Ala. 265, 118 So. 458, said:

"The term 'desertion' may have a legal meaning somewhat modified by its context in the statute. As here used, the question of maintenance and support of the family within his reasonable means is of manifest, if not controlling, importance, on the issue of desertion."

In the instant case, the uncontradicted evidence is that petitioner supported his family at all times, even during the five days that intervened during his alleged desertion. In the cited case, the court held there was some evidence of desertion because "while the father and children lived under the same roof, occupied the same residence, the property of the wife and mother, he did not support the children; that the mother fed and clothed them; that the father supplied and ate at the table of another woman. As to the child, Paul, who was killed, there was evidence that the father disowned him as a bastard; that he was supported by the mother with contributions from another man who claimed to be his father."

In Peoples v. Seamon, 249 Ala. 284, 31 So.2d 88, we said such a suit as here should be brought by the father "unless the father has by desertion or disability ceased to perform the parental duty of maintenance, or become disqualified" under Title 7, Sec. 118. And discussing this section, the Court said in McWhorter Transfer Co. v. Peek, 232 Ala. 143, 167 So. 291:

"Very clearly this statute recognizes the common-law obligation of the father touching the maintenance, education, and care of his minor child, a member of his family, and, in return, the right of the father to the services of such child. When the father has deserted the family, or become unable, from causes enumerated, to perform these parental obligations, he loses such right of action, and a right of action accrues to the mother.

"Section 5695 creates the right of action for death in favor of the father, or in favor of the mother, in the same events named in the preceding section. This is to say, the father has no right of action for death of his minor child if he has, by desertion or disability named, ceased to perform the parental duty of maintenance, etc., with reciprocal right to the child's services."

Respondent contends that the assault and battery by the husband on his wife, forcing her to leave their home, walking hand in hand with another woman down the midway of the South Alabama Fair on the evening following the funeral of their minor son, seeking to dispose of property in which his wife had claimed an interest in their divorce proceeding, and his refusal to pay the funeral expenses amounted to a desertion. We cannot agree.

As already shown, the petitioner at all times supported his wife and child, and we are unwilling to say that a separation of five days amounted to desertion, especially in view of their previous difficulties and separations, and the fact that they were again living together when this cause was argued. Although his conduct was reprehensible, he still supported his family and had not deserted them.

It follows that the trial court erred in refusing to allow petitioner to intervene as plaintiff in the suit to recover damages for the wrongful death of their son, inasmuch

as he is the proper plaintiff under the statute.

We come now to the question of attorneys' fees. Although no settlement has been made, it appears that one has been tentatively set at $10,000, the liability limits of a policy protecting the defendant in the original suit. There seems to be no question but that both Mr. Varner and counsel for petitioner aided in securing this tentative settlement.

Since Doris Roberson has gone back to her husband and is living with him, she has sought to discharge her attorney, Mr. Varner, with whom she had a written contract. Mr. Varner then filed a petition for leave to file a complaint to establish his lien for attorney's fee.

It appears that petitioner in his "Answer to petition of Mr. Varner for leave to file complaint in intervention," filed on March 28, 1963, stated a formula for an equitable solution. In paragraph 5 of the answer, petitioner states that he and his wife had agreed for each to take one-half of the proceeds of the judgment; that she would pay Mr. Varner $33\frac{1}{3}$ per cent of her half and petitioner would pay his attorneys out of his half of the proceeds.

We think this arrangement should be effected and supervised by the trial court if the parties are able to conclude the tentative agreement of settlement without any undue delay on the part of the parties or their attorneys.

Unless the order of denying petitioner to intervene as plaintiff in the suit filed by his wife, Doris, is vacated and leave granted petitioner to intervene upon receipt of this opinion, a peremptory writ of mandamus will be awarded.

Writ of mandamus conditionally awarded.

LAWSON, GOODWYN and COLEMAN, JJ., concur.