John M. Keane, S.
Ten-year-old Michael John Chernega fell to his death on March 6,1964 from the McKinley Avenue Bridge into the Susquehanna River. Letters of administration in his estate were issued to his mother, Evelyn M. Chernega. In an action against the State of New York, an award of $12,299.89 was made for the wrongful death of Michael John Chernega.
*138 This proceeding was initiated by the administratrix for an allocation of the award. The mother claims the entire award on two grounds: (1) that the boy had been abandoned by his father; and (2) that the boy’s father suffered no pecuniary injury. The father claims one half of the award on two grounds: (1) that he had not abandoned his son; and (2) that neither he nor the boy’s mother suffered any pecuniary injury.
The parents had been living apart for some time before the boy’s death. The testimony at the hearing indicated that late in 1962 the husband was ordered by the Broome County Family Court to pay $20 per week toward the support of his wife and three youngest children, one of whom was the decedent. Custody of the children was given at that time to the wife by the court.
According to the wife, there were arrears in these payments at the time of the boy’s death of approximately $100. She testified that her husband was constantly in arrears. The arrearages apparently were insufficient to require the assistance of the Family Court any time subsequent to 1962. Except for the approximate arrearages of $100 at the time of the boy’s death, payments had been made since 1962 in compliance with the Family Court order.
There was some testimony that this 10-year-old boy had helped around the home by taking out the garbage, cleaning the sidewalks and mowing the lawn. These activities on the part of a 10-year-old boy are insufficient for this court to make a finding that the mother, to whom custody had been given by the Family Court, suffered pecuniary injuries as that language has been interpreted by the courts. Therefore, this court finds that neither parent suffered any pecuniary injury by reason of the wrongful death of their 10-year-old son.
The real question concerns the nature of the separation of the husband and wife. Was the separation of the type on the part of the husband to constitute an abandonment so that he would not be entitled to share in the wrongful death proceeds as- a distributee ?
Although the father and mother were separated, the testimony indicated that the boy did visit his father from time to time from late 1962 until his death. It is true that the husband was paying only $20 per week for the support of his wife and children. This amount was fixed by the Family Court. This court must assume that such amount was the maximum which the husband could pay from his earnings. The fact that this sum would be insufficient to support the wife and children is not relevant if the husband was paying to the limit of liis ability.
*139 Since no pecuniary injuries have been proved, the distribution would ordinarily, be made equally to the mother and father in this situation.
Subdivision 2 of section 133 of the Decedent Estate Law provides that a father cannot share on the facts shown in this case if he (1) has abandoned the child, or (2) has failed to provide for the support of the child. The court finds that to the extent of his ability the father supported his son. Under the facts in this case, had the father abandoned his son?
While earlier decisions are helpful to a court in making a determination, fact situations of those cited by counsel are not exactly similar to the fact situation here.
In Matter of Jordan (23 Misc 2d 1072 [I960]), support payments were 11 months in arrears. The court awarded nothing to the father. In Matter of Pridell (206 Misc. 316 [1954]), the father had not seen the son for many years. The son also supported his mother. The court awarded nothing to the father.
In Matter of Daniels (275 App. Div. 890 [1949]), the Appellate Division reversed the Surrogate’s award to the father on the ground that a few weeks of support under court compulsion before the death of the child was insufficient to sustain an award to the father.
A very clear discussion of the problem in the present case is found in Matter of Schriffrin (152 Misc. 33 [1934]). The court points out the obligation of the father for the personal care and training of the child. The court also distinguishes the various meanings of the word “abandonment” as used in different statutes.
Are the facts here sufficient to support a charge of abandonment? There is no question that the father was living elsewhere when his son died. In view of the Family Court order giving custody of the children to the mother, was this living apart a voluntary act on his part? This court determines that the separation was a voluntary act. If the husband and father wished at any time to live again with his wife and children, he could have applied to Family Court for a modification of its order. The testimony indicated that he was actually living with another woman at the time of his son’s death.
As pointed out in Matter of Schriffrin (supra), the reasons for the abandonment are immaterial. As the court stated (pp. 34-35): “ The sole pertinent injury is whether the father did or did not, in fact, by his own voluntary act, discontinue the performance of his legal duty of personal care and training of the child.”
*140 This court finds that the father had voluntarily abandoned his son, who is the decedent, before Ms death. Therefore, no part of the award shall be paid to the father.
Attorneys ’ fees and disbursements are allowed in the amount requested. The balance remaining shall be paid to Evelyn M. Chernega, mother of the decedent. Since the net amount of the award will be paid to the mother, no specific reimbursement need be made to her for expenses incurred on behalf of the estate.