239 So.2d 562

In re Hollan S. ADKISON

v.

Theresa ADKISON.

Ex parte Hollan S. Adkison.

4 Div. 394.

Supreme Court of Alabama.

July 10, 1970.

Harwood and Maddox, JJ., dissented and filed opinion.

Court of Civil Appeals on a material question of first impression in this state. Act No. 987, Acts of Alabama, 1969 Special and Regular Session, p. 1744. This question involves the mother's challenging, in a declaratory judgment suit, the statutory priority of the father, who was divorced by her on the ground of voluntary abandonment, to maintain an action to recover damages for the wrongful death of their minor son. The Court of Civil Appeals reached the conclusion and held that the petitioner father had forfeited his right of action and that it had accrued to the mother.

The Court of Civil Appeals decided that several years prior to the death of the minor, the father had abandoned and left deserted his family, consisting of his wife and two minor sons, with no intent of supporting them in any way. Upon this premise the court concluded that at the time of the death of the minor child, the father had deserted his family within the meaning of Tit. 7, § 118, Code of Alabama. 1940.

We will not review the aspect of the opinion holding that the father had at one time deserted his family. This was concluded by the Court of Civil Appeals against the father and is not a question of first impression in this state.

In July, 1965, the equity court entered a decree pendente lite ordering the petitioner to support his family. Pursuant to that decree, he paid $100 a month for his two minor sons, made the mortgage payments on the home, and paid the utility bills for the family.

On July 26, 1967, the equity court entered a final decree of divorce against the petitioner on the ground of voluntary abandonment of his wife. The court awarded her the care, custody, and control of the two minor sons, giving the petitioner certain visitation rights, and ordering him to pay $40 a month for each son until said sons reached their majority or 'completed their education. The court further ordered the petitioner to convey to his wife

Farmer & Farmer, Dothan, for petitioner.

L. A. Farmer, Dothan, for respondent.

McCALL, Justice.

We granted a Writ of Certiorari in this case in order to review the decision of the

his interest in the home owned jointly by them. The father complied with the directions of the decree, and he made all of the support payments for the children timely. The two sons lived with their mother and on June 10, 1969, the youngest son, while still a minor, was killed in an automobile accident.

The petitioner contends that he cannot be considered as deserting his family, because he supported them, including his deceased son, up to the day of his death in an amount and manner agreed upon, and ratified by the equity court's decree. He further points out that he held visitation privileges under that decree. He insists that the exercise of his privileges and his compliance with his legal obligations of support are incompatible with a claim that he was deserting his family when his son was killed.

The question of first impression is whether or not a father, who once has deserted his family and was divorced by the mother on that ground, but who subsequently has made compulsory contributions to his family and paid monthly sums for the support of his children, pursuant to a separation agreement, merged in a court decree, has forfeited his right to maintain an action at law for the alleged wrongful death of his minor son.

The part of Tit. 7, § 119 of the Code of Alabama, 1940, involved here, reads as follows:

"When the death of a minor child is caused by the wrongful act * * * of any person * * * the father, or the mother, in cases mentioned in the preceding section; * * * may sue, and * * * recover such damages as the jury may assess; * * *"

The applicable part of § 118 of the Code referred to reads as follows:

"A father, or in case of *his* * * * *desertion of his family,* * * * the

mother may sue for an injury to a minor child, a member of the family." (Our emphasis)

The right of action for a child's wrongful death was unknown to the common law. It is the creation of a statute (§ 119 in this case), and its precepts chart the strict course which we are enjoined to follow in its application to the facts of this case. Taylor v. City of Clanton, 245 Ala. 671, 18 So.2d 369; Giles v. Parker, 230 Ala. 119, 123, 159 So. 826; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A.(n.s.) 568; Smith v. Louisville & N. R.R. Co., 75 Ala. 449.

When a father deserts his family, he forfeits his right of action to sue for the wrongful death of his minor child, and the right of action accrues to the mother. Ex parte Roberson, 275 Ala. 374, 155 So.2d 330; McWhorter Transfer Co. v. Peek, 232 Ala. 143, 167 So. 291; Peoples v. Seamon, 249 Ala. 284, 31 So.2d 88; Southern Ry Co. v. Carlton, 218 Ala. 265, 118 So. 458.

Since the word "abandonment" is frequently used interchangeably with the word "desertion," we will set forth definitions of the two terms, which are virtually synonymous, as they appear in the case of Shumway v. Farley, 68 Ariz. 159, 163, 203 P.2d 507, 509:

"'* * * 1 Abbott's Dictionary of Terms and Phrases defines "abandonment" as the relinquishment, surrender, or disclaimer of one's rights, and says: "But the surrender of a relation, involving as it does the disclaimer of duties more prominently than that of rights, is better styled desertion," and defines "desertion" as "the abandonment of a relation or service in which one owes duties; the quitting, wilfully and without right, one's duties; the withdrawal, unexcused, from the obligations of some condition or status."'"

In speaking of "voluntary abandonment" this court said in the case of Watkins v. Kidd, 261 Ala. 463, 464, 75 So.2d 87, 88:

" * * * To constitute voluntary abandonment, authorizing a decree of divorce, there must be a final departure, without the consent of the other party, without sufficient reason therefor, and without the intention to return. Nelson v. Nelson, 244 Ala. 421, 14 So.2d 155; Miller v. Miller, 234 Ala. 453, 175 So. 284; Perry v. Perry, 230 Ala. 502, 162 So. 101; McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602; Mayo v. Mayo, 199 Ala. 551, 74 So. 971; Brown v. Brown, 178 Ala. 121, 59 So. 48."

■ The test however is whether the condition of desertion specified in the statute, Tit. 7, § 118, Code of Alabama, 1940, and which gives the right of action to the mother, existed at the time of the death of the minor, regardless of whether a state of desertion existed at sometime prior thereto. Espinosa v. Haslam, 8 Cal.App.2d 213, 47 P.2d 479; Frazzini v. Cable, 114 Cal. App. 444, 300 P. 121. In American R. Co. of Porto Rico v. Santiago, (CCA Porto Rico), 9 F.2d 753, involving a statute similar to ours, the court held that the fact that, as to the wife, there may have been a desertion, even where it includes a divorce secured by her, does not preclude the father from maintaining an action, where at the time of the death of the minor the father was not guilty of a desertion "of his family."

Applying this test to the facts in the present case, we find that on June 10, 1969, when the minor met his death, the father was paying support for him and his older brother. While this was a small amount considering the present day cost of living, it was fixed and approved by the court, so it is presumed to be fair and equitable to all concerned. The court said in In re Chernega's Estate, 54 Misc.2d 137, 281 N.Y.S.2d 908, 910:

" * * * It is true that the husband was paying only $20.00 per week for the support of his wife and children. This amount was fixed by the Family Court. This court must assume that such amount was the maximum which the husband could pay from his earnings. The fact that the sum would be insufficient to support the wife and children is not relevant if the husband was paying to the limit of his ability."

In Southern Ry. Co. v. Carlton, 218 Ala. 265, 118 So. 458, one issue in the case was whether under the evidence a jury question was made on the mother's right to sue, upon allegations that the father had deserted the family. The father and children lived under one roof, occupied the same residence, the property of the wife and mother, but he did not support the children. The mother fed and clothed them, while the father supplied and ate at the table of another woman. He disowned the deceased minor as an illegitimate. This child was supported by others. The court held as follows:

"Omitting a discussion of the evidence touching the cause of separation of husband and wife, and not deciding whether it furnishes any evidence of desertion by the husband as between them, we think there was some evidence of desertion of his family within the meaning of this statute. Welch v. State, 69 Fla. 21, 67 So. 224; Tipton v. Tipton, 169 Iowa 182, 151 N.W. 90, Ann.Cas.1916C, [360] 361; Graves v. Graves, 88 Miss. 677, 41 So. 384."

In reaching its conclusion the court said:

"The term 'desertion' may have a legal meaning somewhat modified by its context in the statute. As here used, the question of maintenance and support of the family within his reasonable means is of manifest, if not controlling, importance, on the issue of desertion."

While in the case at bar, the father was not living under the same roof with his two sons and wife, he did pay support and maintenance for them, and presumably, the maximum amount he could pay. This factor of paying support is said, in a case where no support was being paid, to be of manifest, if not controlling, importance, on the issue of desertion. Southern Ry. Co. v. Carlton, supra. Would it not be of equal importance on the issue of desertion, in a case where support is being paid?

A question of whether or not a desertion existed between the father and his family under these statutes, Tit. 7, § 118 and § 119, Code of Alabama, 1940, was before the court again in the case of Ex Parte Roberson, 275 Ala. 374, 155 So.2d 330, where the uncontradicted evidence was that the father supported his family at all times, even during the five days that intervened while he was allegedly deserting them. Briefly, the evidence was that the husband committed an assault and battery on his wife forcing her and their minor son to leave the home. Five days later the son was killed. The evening following the funeral, the father was seen walking hand in hand with another woman. He refused to pay the funeral expenses, and he sought to dispose of his wife's interest in some property. The parties later returned to live together. While there are aspects in the facts different from those in the present case, a point of similarity remains wherein the court said:

"* * *, the petitioner [the father] at all times supported his wife and child, and we are unwilling to say that a separation of five days amounted to desertion, * * *. Although his conduct was reprehensible, he still supported his family and had not deserted them."

In this last cited case, the court in holding as a matter of law that the father was not guilty of desertion, pointed out that on the issue of desertion, the question of maintenance and support of the family within the father's reasonable means was of manifest, if not controlling, importance, citing Southern Ry. Co. v. Carlton, supra.

The case of Schwaiger v. Headrick, 281 Ala. 392, 203 So.2d 114, involved an adoption proceeding in which one issue was whether the natural father had abandoned his child as that term is used in Tit. 27, § 3, Code of Alabama, 1940, so as to dispense with the need of his consent to the adoption. The divorce court had decreed that the father pay $35 per month for the support of the minor whose custody and control were given to the mother, reserving to the father custody and control, during specified hours on Saturday and Sunday. It appeared that the natural father had quit visiting the child whose mother had remarried, and after making two payments for support of the child, had quit paying. Friction and misunderstanding about the payments had arisen. The probate court decreed the adoption. In reversing the case this court said:

"In order to sustain the petition for adoption, it was incumbent on petitioner, James L. Headrick, to show that appellant had consented to the adoption or had abandoned his child.

*     *     *     *     *     *

"We do not construe the conduct of the father to evince a settled purpose to forego all parental duties and relinquish all parental claims to the child. Vol. 1, Am.Jur., Adoption of Children, § 42. The father's failure to comply with the order for support of the child, under the circumstances here presented, and his failure to visit the child under existing misunderstandings in the family, does not in our judgment, constitute abandonment within the purview of Section 3, Title 27, Code of 1940."

In the Florida case of Welch v. State, 69 Fla. 21, 67 So. 224, cited with approval in

our case of Southern Ry. Co. v. Carlton, supra, the court commented as follows:

" * * * We cannot say that withholding the means of support from a wife or child is not fairly and reasonably included in the concept of desertion of wife and child or children."

It occurs to us that the reverse of this ought equally be the law, so we think that affording the means of their support is not fairly and reasonably included in the concept of desertion.

Presumably the petitioner father in this case exercised his parental privilege of visitation to the extent that he was permitted. There, at least, is nothing to the contrary. He had few, if any, remaining rights that he could exercise, or duties and obligations that he could perform for his children, because they were in the custody of their mother and his opportunity to visit and communicate with the family was circumscribed by the court decree. There is no contention, that at the time of his son's death, he was remiss in his legal obligations of support, parental care and training of his sons, or that he then withheld from them his affection or companionship wherever and whenever either could be given. While there was no evidence of an effort toward reconciliation by him, at the same time there was no evidence that a reconciliation might be acceptable. Even speculating upon reconciliation between couples, formerly married, suggests such delicate problems, as to make the subject's consideration as a requirement of good faith impractical. The question is not primarily one of, had the father deserted the family? This issue had long since been foreclosed against him, but, was he deserting his family in June, 1969, when his son was killed? We think not.

In view of this we are of the opinion that the father has not forfeited his right of action to sue for damages on account of the alleged wrongful death of his minor son, and that he is the proper plaintiff under the statute rather than the mother. The Court of Civil Appeals erred in holding to the contrary.

The only other question in this case relates to who is entitled to damages, under said Section 119, if there is a recovery. This has been answered by the Supreme Court in the case of Peoples v. Seamon, 249 Ala. 284, 31 So.2d 88, from which we quote the following:

"When a minor child is killed by the wrongful act of another, and he leaves surviving his father, the damages recoverable are for the benefit of the father, where the suit is by the father personally or by an administrator, (Citing Authorities) * * *"

The judgment of the Court of Civil Appeals must therefore be reversed and the cause remanded thereto for further consideration.

Reversed and remanded.

LIVINGSTON, C. J., LAWSON, SIMPSON, MERRILL, COLEMAN and BLOODWORTH, JJ., concur.

HARWOOD and MADDOX, JJ., dissent.

HARWOOD, Justice (dissenting):

No clearer standard for the administration of law and justice may be found than that set forth in II Cor. 3:6:

"The letter killeth, but the spirit giveth life."

Not only the spirit, but the plain concept of Sec. 119, Title 7, Code of Alabama 1940 (Wrongful Death Statute), is to give to the parent having the custody, control, and

the responsibility of rearing, guiding, and caring for the child a cause of action for the death of the child caused by another's tortious act. Implicit in the governing codal provisions (Secs. 118 and 119 of Title 7, Code of Alabama 1940), is that the cause of action vests in the parent exercising these duties—that is, that parent who is the true head of the household in which the child resides.

Here it had been judicially determined in the divorce proceedings that the appellant-father had abandoned his family. The custody of the two minor sons was awarded to the mother.

Although the father made payments for the support of the two minor children, these payments were made by virtue of, and under the compulsion of, a court decree.

I cannot see that these compelled support payments should be deemed to overcome, and render for naught, the overwhelming facts of this case that, in truth, and in fact, the mother-appellee was the real head of the family of which the deceased son was a member.

If contribution for support be made the chief and governing criteria for determining in whom the cause of action vests under Section 119, then we observe that in this case such a mechanistic rule would yet vest this cause of action in the mother. This for the reason that it is clearly inferable from the record that the contributions made by the mother for the support of the two minor children exceeded substantially the contributions made by the father.

The reasoning of the Court of Civil Appeals, and the authorities in support thereof, sustain fully the conclusion reached by that court.

For the reasons expressed above, I would affirm the judgment of the Court of Civil Appeals.

MADDOX, J., concurs.